BALDWIN v. G. M. DAVIDSON & CO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912. Rehearing Denied Feb. 7, 1912.)

1. EVIDENCE (§ 96*)—COUNTERCLAIM—BURDEN OF PROOF.

The burden is upon a defendant in conversion to prove the justness and correctness of a counterclaim by a preponderance of the evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 119–121; Dec. Dig. § 96.*]

2. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR.

Though an instruction in an action for conversion misstated the amount of the claim, it could not be complained of as prejudicial, where the jury found against the defendant on the whole claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4227; Dec. Dig. § 1068.*]

3. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

In an action for the conversion of cement blocks and machines, a charge that, after stating other items of damage, instructs the jury to add the reasonable rental value of the use of the machines for the number of days detained, if any, as may be shown by the evidence, is not improper as a charge on the weight of the evidence, as the qualification, if any, must be held to refer to the value of the use as well as the time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441; Dec. Dig. § 194.*]

4. APPEAL AND ERROR (§ 1195*) — SUBSEQUENT TRIAL—LAW OF THE CASE.

On a subsequent trial after reversal and remand on appeal, the decision of the appellate court is the law of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

5. TROVER AND CONVERSION (§ 1*) — ELEMENTS—"CONVERSION."

"Conversion" is any distinct act or dominion wrongfully exerted over another's property in denial of his right or inconsistent with it.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1562–1570; vol. 8, p. 7618.]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep't Indexes

6. TROVER AND CONVERSION (§ 23*)—DEFENSES—RIGHTS UNDER CONTRACT.

A building contract, which permits the owner on specified grounds and conditions to enter on and take possession of the premises and of materials, tools, machinery, etc., does not authorize the taking possession of materials and machinery not on the premises, and an unlawful taking possession of such property amounts to a conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 163–166; Dec. Dig. § 23.*]

7. APPEAL AND ERROR (§ 270*)—RESERVATION OF GROUNDS—EXCEPTION.

Under rules for district and county courts, No. 53 (67 S. W. xxiv), which requires the taking of bill of exceptions to orders of courts, a failure to take an exception or reserve a bill of exceptions to an order of a court overruling a motion to retax costs precludes review of the order.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 270;* Costs, Cent. Dig. § 805.]

8. APPEAL AND ERROR (§ 173*) — PRESENTATION AND RESERVATION OF GROUNDS.

A party cannot complain on appeal of the failure of the court to sustain a plea of the statute of limitations, where there is no showing that the action of the trial court thereon was invoked, or that the issue was submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

9. CONTRACTS (§ 175*)—CONSTRUCTION—EVIDENCE—CONSTRUCTION BY PARTIES.

Evidence of a party to a building contract as to how he construed the written instrument was properly refused.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 766; Dec. Dig. § 175.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by G. M. Davidson & Co. against Harold Baldwin. From a judgment for plaintiffs, defendant appeals. Affirmed.

Edward B. Ward, for appellant. Martin, Old & Martin, for appellees.

FLY, J. This is a suit instituted by appellees to recover of appellant $479 as actual damages, and $475 as exemplary damages, for the conversion of 508 cement blocks, 100 barrels of sand, and 15 barrels of cement, and for the use and hire of three cement block machines for 10 days at the rate of $10 a day. The cause was tried by jury and resulted in a verdict and judgment against appellant on his plea in reconvention and in favor of appellees for $225 actual damages. This is a second appeal of the case, the issues being practically the same as on that appeal, and the statement made in the former appeal is adopted herein. Baldwin v. Davidson, 127 S. W. 562.

[1, 2] The charge assailed in the first assignment of error is not open to the objections urged against it. The burden rested upon appellant, as stated in the charge, to prove the justness and correctness of his counterclaim against appellees by a preponderance of the evidence. There was no assumption by such charge that the claim was unjust or incorrect, and neither was it upon the weight of the evidence, nor was it too onerous upon appellant. The misstatement of the amount of the claim did not injure appellant, because the jury found against him on the whole claim.

[3] There was evidence to sustain the plea that the three cement block machines were worth $10 a day, and the court did not err in submitting that issue to the jury. The charge was not upon the weight of the evidence, but left the matter entirely to the jury. The charge is, after stating the other items of damage, "to which you will add the reasonable rental value of the hire and use of the said three cement block machines for the number of days they were detained from the possession of plaintiff, if any, as may be shown by the evidence." It is clear that the "if any" refers to the value of the hire and use of the machines, as well as the time. The other criticisms of the charge on the measure of damages are without merit.

The instrument under which appellant claimed the cement blocks was not a bill of sale, but a mortgage, and the court did not err in so instructing the jury. 127 S. W. 562.

[4] The court did not err in following the opinion of this court in this case, in instructing the jury that the mortgage did not attach to any property except that on appellant's premises. The uncontradicted evidence showed that the property seized by appellant was not on his premises, and consequently was not within the purview of the mortgage.

[5, 6] The court correctly instructed the jury "that 'conversion' is defined by law to be any distinct act or dominion, wrongfully exerted over another's property, in denial of his right or inconsistent with it"; and further that, if the property was taken as alleged in the petition, appellant was guilty of conversion.

Even though appellees had breached their building contract, appellant was not authorized by law or any contract between the parties to enter upon premises not held by him and to seize and convert the property of appellees, and the court did not err in so instructing the jury.

[7] It appears from the record that appellant filed a motion to retax the costs and to require appellees to account for a certain sum of money realized from a sale under execution of certain of his property pending the former appeal, and that the motion was overruled; but no exception was taken by appellant to the order of the court, nor was a bill of exception reserved thereto. Under these circumstances, this court cannot consider assignments of error assailing the action of the court in overruling the motion. Adams v. Duggan, 1 White & W. Civ. Cas.

Ct. App. § 1268. A bill of exceptions must be taken to every order or judgment, except the judgments of a court relating to the citation, petition, answer, and their supplements and amendments, and motions for a new trial, or in arrest of judgment, and final judgment. Rules for Dist. & Co. Courts, No. 53 (67 S. W. xxiv). There should at least appear in the record something to indicate that exception was taken to the order or judgment.

[8] The twelfth assignment claims that "the court erred is not sustaining defendant's plea of two years' limitation"; but it is not stated nor shown that the action of the court was ever invoked in connection with the plea, or that any effort was made to have the issue submitted to the jury, although a number of special charges on other matters were requested by appellant and some of them given.

[9] The court did not err in refusing to allow appellant to testify as to how he construed the written contract.

The judgment is affirmed.