## VAN ARSDALE-OSBORNE BROKERAGE CO. v. RINER et al.

No. 5638.   Opinion Filed December 21, 1915.

Rehearing Denied February 15, 1916.

(153 Pac. 859.)

**INSURANCE—Bond of Local Insurance Agent—Liability of Sureties.** General agents of an insurance company appointed a local agent to solicit insurance contracts. He executed a bond conditioned that he would faithfully perform the conditions of the written contract signed by both parties, and the bond was signed by two sureties. One of the terms of the contract was that the local agent should refund to the general agents the commissions paid to him upon insurance contracts where the premium was paid by notes and the notes were not paid six months after maturity. The court found that the local agent and principal in the bond was due the general agents a certain sum upon the aforesaid term of the contract. **Held**, the sureties were liable for the same amount, where they failed to plead or prove any valid reason why they should be relieved from the terms of the bond.

(Syllabus by Mathews, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the Van Arsdale-Osborne Brokerage Company against R. L. Riner and others. Judgment for certain defendants, and plaintiff brings error. Reversed and remanded, with directions.

*E. L. Foulke, C. A. Matson, J. D. Wall, H. C. Potterf,* and *E. A. Walker,* for plaintiff in error.

Opinion by MATHEWS, C. For convenience, the parties hereto will be designated as in the trial court. This was an action upon an indemnity bond. On the 1st day of May, 1909, plaintiff, who was general agent of a fire insurance company for the State of Oklahoma,

appointed defendant R. L. Riner its local agent at Ardmore. A contract was entered into and signed by both parties wherein the defendant Riner was to act as such agent, and to solicit insurance contracts and collect the premiums therefor. It was agreed in said contract, among other things, that the defendant Riner was to receive as his commissions a certain per cent. on premiums accepted by the plaintiff company to be paid in cash on the first of each month, with the proviso that where notes were taken by said solicitor for insurance policies and remained unpaid six months after due, the commission advanced by said company to said solicitor should be refunded to the company. To insure the faithful performance of the conditions of the contract on the part of the solicitor, he entered into a bond to that effect, and the defendants O'Brien and Ballew signed the same as sureties.

Plaintiff alleged in its petition that the said Riner had defaulted and failed to account for and to return to plaintiff money due under the terms of said contract in the sum of $458.24. The defendant sureties answered by what was in effect a general denial. At the conclusion of the testimony the court instructed the jury to return a verdict in favor of said sureties but against the principal for the amount sued for. From the action of the court instructing a verdict in favor of defendant sureties, the plaintiff prosecutes this appeal. We have not been favored by a brief upon the part of defendants, and are not apprised upon what theory the court based its action, and a careful investigation of the record fails to reveal to us that fact.

The court found that the principal upon the bond, R. L. Riner, was indebted to plaintiff in the sum of

$458.24, and instructed the jury to return a verdict to that effect. The evidence in the case fails to disclose any reason why the sureties should be relieved from their obligation, and before the court is warranted in relieving them therefrom, it is incumbent upon them to plead and prove some legal condition whereby they may evade the terms of the contract. Having failed to do so in this case, and the court having found the principal of the bond liable, it follows that the sureties are also liable.

It is recommended that the judgment be reversed and remanded, with instructions to enter judgment in favor of plaintiff and against the defendants D. M. Ballew and J. C. O'Brien in the sum of $458.24, with 6 per cent. interest per annum from May 14, 1912.

By the Court: It is so ordered.