**O'BRIEN et al. v. VAN ARSDALE-OSBORNE BROKERAGE CO.**

No. 9731—Opinion Filed Jan. 18, 1921.

(Syllabus by the Court.)

**Judgment—Setting Aside for Fraud.**

The doctrine is well settled that fraud, to be sufficient to vitiate a judgment, must be extrinsic to the issues tried and determined in the judgment sought to be vitiated.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. D. O'Brien and another against the Van Arsdale-Osborne Brokerage Company to set aside judgment. Judgment for defendant, and plaintiffs bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

C. A. Matson, Potterf & Gray, and John M. Poindexter, for defendant in error.

HARRISON, C. J. This case is here on a transcript. The question involved is whether the allegations of fraud in the petition to vacate a judgment were sufficient to constitute a cause of action. The controversy presented here grows out of the following circumstances: One R. L. Riner had an agency contract with the Van Arsdale-Osborne Brokerage Company, defendant in error, and was under a bond to said brokerage company for the faithful accounting of all funds and commissions which came into his hands, and J. D. O'Brien and D. M. Ballew were sureties on said bond. Riner made default in his accounting to the Van Arsdale-Osborne Brokerage Company for moneys which had come into his hands by reason of his agency. The Van Arsdale-Osborne Brokerage Company brought suit against Riner and his bondsmen for the amount claimed to have been misappropriated by Riner. The claim sued upon consisted of various items and amounts aggregating $458.24. Riner answered and joined issues as between the Van Arsdale-Osborne Brokerage Company and himself; also the sureties on Riner's bond, O'Brien and Ballew, filed their separate answer, wherein they separately joined issues with the Van Arsdale-Osborne Brokerage Company as to the correctness of the accounts, as to the right of recovery, and as to O'Brien and Ballew's liability for any portion of same.

The issues thus joined were tried and judgment rendered against Riner for the amount sued for by the Van Arsdale-Osborne Brokerage Company, but which judgment released O'Brien and Ballew from liability as sureties on Riner's bond. Whereupon the Van Arsdale-Osborne Brokerage Company appealed from the judgment to this court, and this court reversed the judgment as to O'Brien and Ballew, with instructions to the trial court to enter judgment against O'Brien and Ballew as sureties on Riner's bond for said sum of $458.24, with interest at 6 per cent. See 55 Okla. 530, 153 Pac. 859. Pursuant to the mandate from this court, judgment was rendered against O'Brien and Ballew for the above amount, and thereafter they, O'Brien and Ballew, filed this action in the district court of Carter county to set aside the juddgment on the ground that the original judgment against Riner had been obtained by fraud. The Van Arsdale-Osborne Brokerage Company filed motion to strike the petition of O'Brien and Ballew for the reason that same did not allege facts sufficient to constitute a cause of action. Such motion was sustained and O'Brien and Ballew appealed to this court.

The question as to whether there were sufficient allegations of fraud to constitute grounds for setting aside the judgment is decisive of the case, and it is unnecessary to decide any other questions.

It appears from the transcript of the record that every material issue presented in the motion or petition to set aside the former judgment had been tried and determined in the former judgment. There is no allegation of any fact or any specific act of fraud which could not be said to have been in issue and tried and determined in the former trial. The petition merely alleges in a broad, general way that the judgment in the former case had been obtained by fraud and upon perjured testimony, and that the items sued upon were false and fraudulent, without pointing out whose testimony with reference to such items was false, or wherein it was false.

The doctrine is well settled that fraud, to be sufficient to vitiate a judgment, must be extrinsic to the issues tried and determined in the judgment sought to be vitiated. Pico v. Cohn (Cal.) 25 Am. St. Rep. 159, 25 Pac. 970; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; Bleakley v. Barclay, 75 Kan. 470, 89 Pac. 906; Cummings v. McDermid, 4 Okla. 272-3, 44 Pac. 276; Estes v. Timmons, 12 Okla. 537, 73 Pac. 303; and also McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739-40, wherein this court, though holding that a judgment may be set aside for fraud, if extrinsic to the issues, yet expressly recognized the doctrine that such fraud must be extrinsic to the issues tried and determined in the judgment attacked.

The cases of El Reno Mutual Fire Insurance Co. v. Sutton, 41 Okla. 297, 137 Pac. 700; Laithe v. McDonald, 7 Kan. 254; and Davis et al. v. Jones (Tex. Civ. App.) 149 S. W. 727; are cited in support of plaintiffs in error's contention, but El Reno Mutual Fire Insurance Co. v. Sutton, supra, is distinguished by this court in Scott v. Abraham, supra, and likewise Laithe v. McDonald, supra, is distinguished in note on page 166 of 25 Am. St. Rep.

It is our opinion that the facts alleged in the petition herein are not sufficient to bring it within the apparent limitation of the gen-

eral rule as announced in El Reno Mutual Fire Insurance Co. v. Sutton, supra, but that this case comes completely within the general rule.

Therefore it is our opinion that the trial court did not err in holding that the allegations in the petition herein were insufficient to constitute such fraud as would vitiate the judgment.

The judgment is affirmed.

PITCHFORD, McNEILL, ELTING, and NICHOLSON, JJ., concur.