BONNER et al. v. PEARSON et al.
(No. 663.)

Court of Civil Appeals of Texas. Waco. May 10, 1928.

Rehearing Denied June 21, 1928.

1. Judgment ⊜518—Suit to vacate judgment adjudicating title and to establish plaintiff's title thereto held direct attack on judgment.

Suit to vacate and annul judgment adjudicating title to property and to remove cloud cast upon plaintiff's title by the judgment and to quiet title held to involve direct and not a collateral attack on the judgment.

2. Judgment ⊜403—Equity court may grant relief from judgment irrespective of statute.

Court may, in exercise of general equity jurisdiction, grant relief from judgment on equitable grounds, irrespective of any statute authorizing such proceeding.

3. Judgment ⊜407(1)—Court had jurisdiction to vacate judgment obtained by alleged perjury without bill of review (Rev. St. 1925, art. 2236).

Where plaintiffs, in suit to set aside judgment, alleged that the judgment was rendered by service of process by publication without their knowledge, and that they had a meritorious defense, and further alleged that the judgment against them was fraudulently procured upon false and perjured testimony, court had authority, in exercise of its equitable powers, to vacate judgment and re-examine the case on its merits, though statutory proceeding by bill of review under Rev. St. 1925, art. 2236, which constitutes merely continuance of original suit and permits rehearing where original defendant served by publication had no notice and has meritorious defense, was not followed.

4. Judgment ⊜457—Nonjoinder of parties made defendants in judgment attacked held not fatal, where parties were then dead and never had interest.

In suit to set aside judgment adjudicating title to land and to recover title and possession of such land, nonjoinder as defendants of certain parties defendant in the judgment attacked held not fatal, where such parties were dead at the time the original suit was instituted and none of them had any interest in the land in controversy.

5. Adverse possession ⊜115(1)—Quieting title ⊜47(1)—Issue of defendants' title under Spanish grant and claim of adverse possession held for jury.

In suit to set aside judgment and quiet title to land, issue of defendants' title under Spanish grant and under claim of adverse possession was for jury, and court did not err in refusing to instruct verdict in defendants' favor; defendants having disclaimed title to part of tract which might be claimed under limitation statute, Rev. St. 1925, art. 5510.

6. Judgment ⊜445—In suit to set aside judgment adjudicating title and to quiet title, retrial of question of title held authorized.

In suit to set aside judgment adjudicating title to land on ground judgment was obtained by perjured testimony, and to recover land, action of court in submitting to jury contentions of the parties, not only with respect to vacating the judgment, but with reference to the merits of the transaction, held proper, where judgment had become final by adjournment of term at which rendered; court having authority to render substitute judgment on redetermination of issues.

7. Adverse possession ⊜112—Defendants, in suit to set aside judgment and quiet title, had burden to prove title by adverse possession alleged in cross-action.

In suit to set aside judgment adjudicating title to and to quiet title, in which defendants by cross-action asserted title under adverse possession, and sought affirmative relief quieting their title, court properly placed burden upon defendants to prove essential facts necessary to sustain their cross-action.

---

**8. Judgment ⊜464—Quieting title ⊜44(4)—** Where judgment adjudicating title was obtained by perjured testimony without notice to plaintiffs, and defendant asserting adverse possession paid rent, decree setting aside judgment and quieting title in plaintiffs was proper.

Decree setting aside former judgment and quieting plaintiff's title to property *held* proper under finding that the only witnesses who testified at the trial at which the judgment was rendered had testified falsely and fraudulently, and that plaintiffs had no notice of judgment against them until about one year before instituting present suit, and that defendant, claiming title by adverse possession, made payments on note given for rents.

Appeal from District Court, Freestone County; W. T. Jackson, Judge.

Suit by H. B. Pearson and others against T. H. Bonner and others, in which defendants interposed a cross-action. Judgment for plaintiffs, and defendants appeal. Affirmed.

T. H. Bonner and P. O. French, both of Fairfield, for appellants.

Walters & Kidd, of Mexia, for appellees.

GALLAGHER, C. J. This suit was instituted by appellees H. B. Pearson, R. A. Pearson, G. W. Pearson, Mary L. Pearson, joined by her husband, W. H. Pearson, and Nettie Phillips, a widow, as plaintiffs, against appellants Shug Williams and T. H. Bonner, as defendants, to set aside a certain judgment rendered by the district court of Freestone county in favor of said Shug Williams against C. H. Alexander, Geo. Phillip Jones, H. B. March, A. G. McIlwaine, T. A. Gaston, R. E. Pearson, and Mary L. Pearson, and the unknown heirs and legal representatives of each of said parties, for the recovery of title to and possession of a certain tract of land described in said judgment; appellant Bonner was alleged to be claiming some interest in said land under said Shug Williams. Appellees alleged that all the parties defendant named in said judgment were dead at the time the same was rendered; that said land belonged to the Mary L. Pearson named in said judgment in her lifetime; that none of the other parties defendant in said judgment ever had any interest in or to said land; that appellees H. B. Pearson, R. A. Pearson, Mrs. Mary L. Pearson, and Mrs. Nettie Phillips were the only children and heirs at law of the said Mary L. Pearson, one of the defendants in said judgment, and that they were jointly seized and possessed of the tract of land sued for herein; that said tract contained 204 acres, and was the same land described in said judgment. Said judgment was rendered on service of citation by publication. Appellees alleged as a ground for setting the same aside certain irregularities in obtaining such service; that said suit and all the proceedings therein were in pursuance of a fraudulent conspiracy between said Shug Williams and his associates to impose upon the jurisdiction of the court and to obtain title and possession of said land upon fictitious and perjured claims; that said judgment was rendered upon the testimony of said Shug Williams and his brother, Hun Williams, and that such testimony was false and perjured, and constituted the very essence of the cause of action asserted in said suit and the sole basis of the judgment rendered. Appellees prayed that said judgment be annulled and vacated and removed as a cloud upon their title to said land, and that they be quieted in their title to and possession thereof and for judgment therefor.

Appellants answered by general denial and pleaded the statute of limitation of 4 years in bar of the annulment of said judgment. They disclaimed as to any land in said tract in excess of 160 acres, and asked the court to decree such excess, if any, to plaintiffs, the same to be taken out of any part of said land. They also pleaded in the alternative, alleging adverse possession of said land for 10 years prior to the filing of this suit, and prayed for judgment quieting their title and possession thereof and for general relief.

The case was submitted to a jury on seventeen special issues. Such of said issues as are material to a full understanding of the propositions of law hereinafter discussed, or the substance thereof, will be recited in connection with each such proposition, respectively. The court, upon the answers of the jury returned in response to such special issues, rendered judgment canceling and vacating said former judgment and removing the same as a cloud upon the title of appellees to the lands involved in this suit, and awarding to appellees a recovery against the appellants of the title and possession of the land sued for and writ of possession therefor. Appellants here present said judgment for review.

### Opinion.

[1] Appellants by their first proposition contend that appellees' attack on the former judgment was collateral. Appellees instituted this suit to vacate and annul a judgment for the title and possession of the land in controversy, recovered by appellant Shug Williams against them as heirs of their deceased mother, Mary L. Pearson. Among the grounds for such relief alleged by appellees was a charge that said judgment was recovered in pursuance of a fraudulent scheme, and that it was supported solely by perjured testimony. The jury found that the testimony of Shug Williams and his brother Hun Williams, upon which testimo-

ny alone said judgment was rendered, was false, fraudulent, and perjured. The judgment appealed from first vacates and annuls said former judgment, and removes the cloud cast by the same upon appellees' title to said land, and also awards them a recovery thereof. This suit was a direct attack on said judgment under which appellants claimed. Buchanan v. Bilger, 64 Tex. 589, 593; McMurray v. McMurray, 67 Tex. 665, 668, 669, 4 S. W. 357; Avocato v. Dell' Ara (Tex. Civ. App.) 84 S. W. 443, 444, writ refused; Davis v. Jones (Tex. Civ. App.) 149 S. W. 727, 733, par. 1; Ellis v. Lamb-McAshan Co. (Tex. Civ. App.) 264 S. W. 241, 242, affirmed (Com. App.) 270 S. W. 547; Cotterell v. Koon, 151 Ind. 182, 51 N. E. 235; 15 R. C. L. p. 839, § 312.

[2, 3] Appellants, by a group of propositions, contend, in substance, that the only manner in which a final judgment, regular on its face, and rendered by a court of competent jurisdiction, can be attacked and vacated in this state, is by bill of review under article 2236 of the Revised Statutes, filed within 2 years after the rendition thereof; that this suit is not such a proceeding; that the same being instituted and prosecuted without statutory authority, cannot be maintained, and that appellants' exceptions based on such contentions should have been sustained. We agree with appellants that this suit is not such a proceeding as is contemplated by said article of the statutes. The bill of review so provided for amounts to no more than a motion for new trial, permitted by virtue of the statute to be filed, and heard after the adjournment of the term. It is available only in cases in which judgment has been rendered on service of process by publication and the defendant has not appeared in person or by attorney of his own selection, and may be granted only for good cause shown. Good cause, as used in said statute, is shown when it is made to affirmatively appear that the defendant had no actual notice of the pendency of the suit and that he has a meritorious defense thereto. It is but a continuance of the original suit, and does not possess the character of an independent action in equity to review and vacate such judgment. Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, 277, 278, and authorities there cited. While appellees alleged that the judgment assailed in this suit was rendered upon service of process by publication, that they did not know of the pendency of said suit nor the rendition of said judgment until long thereafter, and that they were the lawful owners of the land at the time appellant Williams recovered judgment therefor, and therefore had a meritorious defense to his suit—all that was necessary to be alleged in a bill of review—they did not stop there, but further alleged that said judgment in favor of said Williams was fraudulently procured by him solely upon the false and perjured testimony of himself and his brother, the only witnesses who testified in the trial of that case. We may concede that there is no express statutory authority for the institution and prosecution of such a suit. It does not, however, follow therefrom that it cannot be maintained. Our courts possess general equity jurisdiction, and may proceed to grant relief upon the principles thereof, irrespective of any statute authorizing such proceeding. The foundation of such jurisdiction is not in the statute, but in the judicial incompetency of the courts of common law to furnish a plain, complete, and adequate remedy. Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 983, 41 S. W. 465. It has been expressly held in this state that our district courts, in the exercise of their equitable powers, may re-examine a case upon its merits when it is made to appear that the judgment therein has been obtained by fraud or upon false and perjured testimony without any want of diligence on the part of the complaining defendant, and may on such hearing grant such relief as equity and justice may demand. McMurray v. McMurray, supra, page 669, 4 S. W. 357; Buchanan v. Bilger, supra; Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561, writ refused. The court did not err in overruling applicants' exceptions.

[4] Appellants by an appropriate proposition complain of the action of the court in overruling their exception to plaintiffs' petition on the ground of nonjoinder, in that all the other parties defendant in the judgment assailed were not made parties to this suit. As hereinbefore recited, said judgment was recovered by appellant Shug Williams, not only against Mary L. Pearson, appellees' ancestor, and her heirs, who are prosecuting this suit, but also against certain other parties named therein and their heirs and legal representatives, none of whom are parties hereto. Appellees, however, alleged that all said parties were dead at the time such suit was instituted, and that none of them ever had any interest in the land in controversy. Such allegation showed that such parties had no adverse interests to be protected, and that they could not therefore be affected by any judgment rendered herein. Appellants' exception was therefore properly overruled.

[5] Appellants present as ground for reversal the action of the court in refusing to instruct a verdict in their favor. They contend in this connection that the evidence showed an outstanding legal title to the land in controversy superior to the title of appellees. Appellees introduced in evidence a patent dated March 7, 1851, from the state of Texas to John H. Evans, assignee of Richmond Fearing, covering the land in controversy herein, which patent was duly recorded in Freestone county on the 2d day of November, 1855. They also introduced a regular chain of title from said Evans to their

ancestor, Mrs. Mary L. Pearson, and testimony showing that they were her only heirs. Appellants introduced in evidence certain portions only of an instrument which they termed a Spanish grant from the states of Coahuila and Texas to J. I. Aguilera. The parts of said instrument so introduced read as follows:

"States of Coahuila and Texas. Signed by Vincente Alderete. Of Assistance, Secundino Rodriques. Of Assistance, Man'l Perez. To Jose Ignacio Aguilera. Dated November 26th, 1833. Field Notes of Jose Ignacio Aguilera 11 League Grant." (Here follow such field notes in detail.)

It was shown in this connection that said instrument was filed August 8, 1870, and duly recorded in the deed records of Freestone county. The official character, if any, of said Alderete was not shown. Neither is there anything in the statement of facts showing or tending to show the further contents of such instrument. The evidence found in the record is wholly insufficient to show a valid outstanding title in the heirs or assigns of said Aguilera. The effect of the judgment recovered by appellant Shug Williams against appellees as heirs of Mary L. Pearson, deceased, was to divest them of the title to said land and vest such title in said Williams. This suit was to cancel and annul said judgment and to recover the title to said land of which they had been so divested. Appellants did not file a formal plea of not guilty. They not only disclaimed title to any excess in said tract over the 160 acres which they were permitted by the terms of article 5510 of the Revised Statutes to claim under the 10-year statute of limitation, but asked the court affirmatively to decree such excess, if any, to plaintiffs and agreed that the same might be taken out of any portion of the premises in controversy. They also filed a cross-action, asserting title in themselves by reason of alleged peaceable and adverse possession of said land, cultivating, using, and enjoying the same for a period of 10 years prior to the filing of this suit by appellees, and asked affirmative relief thereon, quieting them in title and possession of said land, and further prayed for general relief. The court did not err in refusing to give a peremptory charge in favor of appellants.

[6] Appellants by a group of propositions complain of the action of the court in submitting to the jury by appropriate issues the contentions of the respective parties with reference, not only to canceling and vacating the former judgment, but also with reference to the merits of the case, and, in rendering judgment canceling said former judgment and disposing of the case on its merits at the same time. This suit being an equitable action to cancel and vacate a judgment that had become final by the adjournment of the term at which it was rendered, the action of

the trial court was proper. We quote from Owens v. Foley, 42 Tex. Civ. App. 49, 51, 93 S. W. 1003, 1005, writ refused, as follows:

"The universal practice is to require the plaintiff in such an action to set up, not only his reasons for reopening the judgment assailed, but to so plead as to enable the trial court to determine the issues presented in the original action and render such a judgment as will be an effective substitute for the judgment set aside."

See, also, Overton v. Blum, 50 Tex. 417, 423; Roller v. Wooldridge, 46 Tex. 485, 494; Taylor v. Fore, 42 Tex. 256, 258; Raymond v. Conger, 51 Tex. 536, 539, 540; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679, 680; O'Quinn v. Harrison (Tex. Civ. App.) 271 S. W. 137, 138.

[7] Appellants by a group of propositions complain of the charge of the court on the burden of proof. Said charge placed the burden on appellees to establish their cause of action to set said former judgment aside by a preponderance of the evidence, and on appellant Shug Williams to establish all the essential facts showing his claim to title by limitation by such preponderance. Appellants objected to that part of the charge placing such burden on said Williams. Appellants by cross-action asserted title under the 10-year statute of limitation at the time this suit was filed. They thereby claimed the benefit of their adverse possession during the period which elapsed between the date of the rendition of said former judgment and such filing. They prayed for affirmative relief, quieting them in the title and possession of the land in controversy. The facts upon which their claim of title was based were submitted to the jury for determination by special issues, none of which were objected to by them. The court properly placed the burden upon them to prove the essential facts necessary to sustain such cross-action. Davis v. Border Mortg. Co. (Tex. Civ. App.) 281 S. W. 642, 645, writ dismissed; Baldwin v. Davidson (Tex. Civ. App.) 143 S. W. 716.

[8] Appellants present in their brief, as ground for reversal, thirty-one separate propositions. We have examined and considered all the same. To discuss each of said propositions separately would extend this opinion beyond proper or reasonable limits. The jury found that appellees learned of the recovery of the judgment sought to be set aside for the first time in January, 1926, little more than a year before the institution of this suit; that Shug Williams and his brother, Hun Williams, gave to appellee H. B. Pearson a note for the rents on the inclosed portion of the land in controversy for the years 1912 to 1914, inclusive, and that Shug Williams paid a part of said note. While the jury found that Shug Williams took adverse possession of the small portion of said lands which was inclosed with a fence in 1903 and used and cultivated the same, they

further found that he never held such adverse possession continuously for 10 years prior to 1914, when he executed said rent note; that he never at any time held adverse possession of any of said land for 10 consecutive years, and that he and his brother, Hun Williams, the only witnesses who testified in the trial at which the judgment assailed herein was rendered, testified falsely and fraudulently on material and pertinent facts in said trial and obtained such judgment by so doing. The judgment appealed from is supported by these findings. While some of such findings are assailed by appellants as being without support in the evidence, we think each of them has sufficient support therein to make it improper for us to set the same aside. Some of these findings are also assailed by appellants as being in conflict with other findings of the jury not necessary to recite in detail. We do not think there is any substantial conflict. The trial court received and approved the verdict of the jury, and rendered judgment thereon. Afterwards on motion for new trial he further approved the same by refusing to set such judgment aside.

None of the propositions urged by appellants present grounds of complaint sufficient to justify us in reversing said judgment, and it is therefore affirmed.