## McBRIDE v. COWAN.

No. 11189—Opinion Filed Nov. 16, 1920.

Rehearing Denied Dec. 28, 1920.

(Syllabus by the Court.)

**1. Dismissal—Statutory Grounds.**

The trial court may dismiss plaintiff's cause of action for reasons enumerated in subdivisions 2, 3, 4, 5, and 6 of section 5125, Revised Laws 1910.

**2. Same — Procedure—Denial of Continuance.**

Where the plaintiff's attorneys file a motion for a continuance of the trial of the case, and the court overrules said motion, it is error for the court to dismiss plaintiff's cause of action without first calling the case for trial, and demanding that the plaintiff proceed with the trial, and if plaintiff refuses to proceed with the trial, then, and not until then, does the court have grounds to dismiss plaintiff's cause of action.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by C. B. McBride against Bert Cowan to set aside judgment. From order of dismissal, plaintiff brings error. Reversed and remanded, with directions.

Biddison & Biddison, W. E. Wells, and Frank L. Lee, for plaintiff in error.

Charles A. Dickson and Ernest B. Hughes, for defendant in error.

McNEILL, J. On November 4, 1914, Bert Cowan commenced an action in the district court of Creek county against C. B. McBride to recover damages for personal injuries received by him while in the employ of McBride. On December 7, 1914, the attorney for McBride filed a demurrer to the petition. Nothing further was done with the case until October 7, 1916, when the demurrer was overruled and McBride was given five days to answer. The record discloses McBride's attorney was not present at the time. On the 27th day of October, 1916, a default was rendered against defendant McBride. On the 5th day of January, 1917, judgment was rendered against McBride for the sum of three thousand ($3,000) dollars. On September 25, 1919, execution was issued and levied upon certain property of McBride in Creek county, Okla. A stipulation was entered into by attorneys for McBride and Cowan wherein it was stipulated and agreed that, upon McBride executing an undertaking in the sum of five thousand ($5,000) dollars, all proceedings in the former case would be stayed if McBride would, within 15 days from that date, begin proceedings to set aside the judgment in the sum of $3,000.

On the 13th day of October, 1919, McBride filed an independent action to set aside the former judgment on account of fraud. Thereafter, on the 22nd day of October, 1919, attorneys for Cowan filed a demurrer to the petition, and on the 13th day of November, 1919, the demurrer was overruled, and the attorneys for Cowan immediately filed an answer. McBride was represented in said proceedings by his attorneys, Wells & Lee, of Prague.

On the 11th day of December, 1919, W. E. Wells, one of the attorneys for McBride, filed an application for continuance, and as grounds for continuance alleged that the clerk of the district court in mailing notice to attorneys for McBride failed to send the notice to their correct address, but mailed the notice to them addressed to Shawnee, Okla., and by reason of said fact they did not receive the notice that the case was set for trial until the 30th day of November, and were unable to go to trial for the reason McBride was in Texas, and while they had wired him, they were unable to get in communication with him, and asked for continuance. The court overruled the motion for continuance, and dismissed the petition of the plaintiff. From said judgment, McBride has appealed, and for reversal assigns that the court was without authority to dismiss plaintiff's cause of action at plaintiff's costs.

The authority for a trial court to dismiss any action is granted by statute, and the grounds for which a court may dismiss an action are enumerated in section 5125, Rev. Laws 1910, which is as follows:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

"Second. By the court, where the plaintiff fails to appear on the trial.

"Third. By the court, for the want of necessary parties.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"Sixth. In all other cases, upon the trial of the action, the decision must be upon the merits."

The record does not disclose upon what ground the court dismissed the plaintiff's

petition. The record contains only the judgment, which is as follows:

"The court, having examined said motion and having heard the argument of counsel, and being fully advised in the premises, finds that said motion should be, and the same is hereby overruled, to which ruling of the court the plaintiff excepts. Whereupon, the plaintiff, by his attorneys in open court, gave notice of appeal to the Supreme Court of the state of Oklahoma, which is entered upon the trial docket, and the plaintiff asks an extension of time in which to make and serve case-made herein, which is denied by the court, to which ruling of the court the plaintiff excepts.

"Whereupon the plaintiff asks that the judgment heretofore rendered in cause No. 3993, entitled Bert Cowan v. McBride, be superseded, pending the giving of the supersedeas bond, which is allowed by the court; which bond is hereby fixed by the court at double the amount of the judgment, to wit: the sum of seven thousand ($7,000) dollars, said bond to be filed in this court within ten days from the date hereof, with good and sufficient sureties to be approved by the clerk of this court, and thereafter said judgment and execution thereon to be further stayed, pending the filing of appeal in the Supreme Court of the state of Oklahoma, · said appeal to be lodged in the Supreme Court within sixty days from this date.

"It is further ordered by the court that the petition of the plaintiff herein be dismissed at the costs of the plaintiff, taxed at $8.10, to all of which the plaintiff excepts."

It will be necessary to consider whether any of the statutory grounds existed for which the court could dismiss the action.

The first ground enumerated for dismissing a cause of action by the court in section 5125 is: "Where the plaintiff fails to appear for trial." The record discloses that the plaintiff, while not present in person, was present by his attorney, so the court could not have dismissed the case upon that ground.

The next ground enumerated is "for want of necessary parties." This question was not presented, so a dismissal could not be sustained upon this ground. The next ground enumerated is, "on the application of some of the defendants." The record discloses that no application was made by the defendant to dismiss the petition, so the judgment cannot be sustained upon this ground.

The next ground is "for disobedience by the plaintiff of an order concerning the proceedings in the action." The record fails to disclose that the court made any order, and fails to disclose that the court ordered the case to proceed to trial; so, if the defendant disobeyed any order of the court

concerning the proceedings, it does not appear in the record, and, not appearing in the record, we cannot assume that any such grounds existed.

The next subdivision provides that "in all other cases upon the trial of the action, the decision must be upon the merits." There was no trial, and therefore this subdivision can have no application to the case.

The attorneys for defendant in error contend that when the trial court overruled plaintiff's motion for continuance, and the attorneys for plaintiff gave notice of appeal in open court from the overruling of said motion for a continuance, and asked for an extension of time in which to make and serve a case-made, which was denied by the court, and asked that the court fix a supersedeas bond in the case No. 3993, which was allowed by the court, this was tantamount to a refusal to proceed further with the trial of the case; but this contention we do not think is tenable. There is nothing that prevents an attorney from praying an appeal from an order to this court from a motion overruling a continuance, nor should he be penalized by having his case dismissed for so doing. While the order may not be an appealable order, still the attorney in the trial case has a right to protect his record in the way and manner that he thinks proper subject to certain limitations.

It is further contended that the motion for a continuance contains the information that the attorneys for McBride could not have proceeded with the trial of the case without the presence of the plaintiff himself and that the plaintiff failed to offer any evidence, and therefore the court had authority to dismiss the petition. While it is true the motion for a continuance alleges that the plaintiff could not proceed to trial without the presence of the plaintiff, yet the only question presented to the court upon the motion for continuance was whether the motion should be sustained or overruled, and when the court overruled the same, the motion was disposed of, and nothing more. If after overruling the case the record would disclose the case was called for trial and the plaintiff refused to offer the testimony, the court then would have the right to dismiss the case, but the record is silent as to any such proceeding; the record does not disclose that the plaintiff refused to offer testimony, nor does the record disclose the case was ever called for trial. The record simply discloses that the court overruled the motion for continuance and dismissed the petition.

While it may seem unreasonable that a trial court in passing upon a motion for con-

tinuance would overrule the same and dismiss the plaintiff's cause of action without first calling the case for trial, yet in this case the record discloses that condition to exist, and we are unable to sustain the judgment upon the record as it appears here.

For the reasons stated, the case is reversed and remanded, with instructions to reinstate plaintiff's cause of action.

All the Justices concur.