## McBRIDE v. COWAN.

No. 12906—Opinion Filed May 22, 1923.

Rehearing Denied July 3. 1923.

(Syllabus.)

**1. Judgment—Grounds for Vacation—Perjured Testimony.**

As a general rule a judgment will not be vacated for perjury by other witnesses than the plaintiff, nor for perjury of the plaintiff in other instances than default of intrinsic issues, nor in such cases by parol testimony alone.

**2. Same—Proof.**

A judgment will not be vacated upon parol testimony alone, even in default cases where the judgment is alleged to have been obtained through perjury of plaintiff upon intrinsic issues, but in such case the alleged perjury must be clearly and conclusively established by actual physical facts which render the question of perjury unmistakable.

**3. Same—New Trial as Object—Discretion of Court.**

Where an action is brought under the statute, to set aside a judgment for fraud consisting of perjury of plaintiff on an intrinsic issue, and the purpose of the action is merely to set aside the judgment and obtain a new trial, such matter is addressed to an extent to the sound discretion of the court.

**4. Same—Action to Vacate Judgment—Burden of Proof.**

Where a suit is brought in equity upon the aforesaid grounds, and the prayer is to nullify and make void a default judgment obtained by perjury of plaintiff on intrinsic is-

sues, the following burdens are upon one party seeking such relief, to wit: He must show himself free of laches and negligence, or show a valid excuse for his laches; he must show he has a valid defense; that the alleged perjury was in fact committed and that upon such perjury the judgment was obtained. It is essential that each of such burdens be discharged before a judgment will be vacated and held void.

## 5. Same—Insufficiency of Evidence.

Record examined, and held, that the judgment of the court below, in sustaining demurrer to the sufficiency of the evidence, was not against the clear weight of the evidence and was not error.

Error from District Court, Creek County; Harve L. Melton, Judge.

Action by C. B. McBride to set-aside judgment in favor of Bert Cowan. Demurrer to evidence sustained, and McBride brings error. Affirmed.

Biddison & Ladner, for plaintiff in error.

Chas. A. Dickson and Ernest B. Hughes, for defendant in error.

HARRISON, J. This is an appeal from the judgment of the district court sustaining a demurrer to plaintiff's evidence. The suit was brought by plaintiff in error, McBride, to set aside a default judgment for $3,000, which in a previous suit, defendant in error, Bert Cowan, had obtained against plaintiff in error, McBride, for damages for personal injuries alleged to have been sustained by Cowan, while in the employ of McBride, as a well driller, and to have been caused by McBride's negligence.

A review of the proceedings in the damage suit of Cowan against McBride is necessary to a determination of the issues presented in this suit, the object of this suit being to set aside the judgment in the damage suit.

The damage suit was begun November 4, 1914, by Bert Cowan, through his father as next friend. Summons in said suit was served on McBride December 7, 1914. After service of summons, John R. Hadley, attorney for McBride, filed demurrers to Cowan's petition, and nothing further seems to have been done in the action until October 7, 1916, when said demurrers were overruled and McBride given five days to answer. No answer was filed, and after the expiration of said five days, the court made an order adjudging defendant, McBride, in default. Before any further action was taken, the attorney for Cowan, J. B. Rutherford, died, and Chas. A. Dickson, an attorney, having been employed by Cowan, procured a hearing

in the cause, which was had on January 5, 1917, and upon the proof offered judgment was rendered in favor of Cowan against McBride in the sum of $3,000.

Bert Cowan having in the meantime attained his majority, and having been substituted for his father as next friend, the suit was thereafter prosecuted in Bert Cowan's own name.

After the judgment was rendered, no further action was taken until September 25, 1919, when, upon learning that McBride had property in the county subject to execution to satisfy said judgment, Cowan caused execution to be issued and levied upon such property; thereupon McBride employed other counsel, through whom a stipulation was entered into between the parties that the court might make an order permitting the release of the property levied upon until McBride could bring suit to vacate Cowan's judgment for damages, conditioned further that McBride execute a bond to secure Cowan against loss. Upon such stipulation, the court made the order stipulated for, and McBride made the bond to Cowan for $5,000 to secure Cowan against detriment sustained by reason of the suit to set aside Cowan's judgment for damages.

In October, 1919, McBride brought suit— that is the suit herein—to set aside said judgment. The material grounds alleged for setting aside said judgment were:

(1) That Cowan obtained his judgment through a conspiracy to defraud entered into between Cowan and his attorney, J. B. Rutherford, on Cowan's part, and John R. Hadley, attorney for McBride, on McBride's part, whereby it was agreed, or alleged to have been agreed, that McBride would make no further appearance, and Cowan have judgment by default.

(2) That Cowan was not in the employment of McBride at the time of the alleged injury, and that he procured judgment upon his own perjured testimony, by swearing that he was in McBride's employ.

(3) That during the time between the filing of Cowan's suit and the date of execution against McBride's property, McBride had been adjudged a bankrupt and had been discharged from bankruptcy, thereby relieving him of all liability on Cowan's judgment.

After the filing of this suit, based principally upon the three grounds above mentioned, Cowan filed a demurrer to McBride's petition upon the grounds that it failed to state a valid reason for setting aside the judgment for damages, and also upon the ground that the action was barred by statute of limitation. The demurrer, however, was

overruled and cause set for trial December 11, 1919.

McBride appears to have exercised no diligence to get ready for trial in the meantime, and did not appear on the day the cause was set for trial. His attorneys, however, Wells & Lee, appeared and filed motion for continuance. The court overruled the motion for continuance, and also entered an order dismissing McBride's petition. Thereafter McBride perfected an appeal from said order of this court, and in McBride v. Cowan, 80 Okla. 72, 194 Pac. 208, this court reversed the judgment, not for overruling the motion for continuance, but for dismissing plaintiff's petition without offering him opportunity to defend, and remanded the cause to the trial court with instructions to reinstate plaintiff's petition. The cause having been reinstated pursuant to mandate of this court, McBride filed an amended petition. The allegation as to the conspiracy, alleged in the first petition, was abandoned, and the grounds alleged in the amended petition and relied upon for setting aside the judgment for damages were:

(1) That Cowan was not in his employment at the time the alleged injuries were received.

(2) That Cowan procured his judgment through perjury by testifying that he was in McBride's employ.

(3) For the reason that such judgment had been obtained in violation of an agreement between counsel for McBride and counsel for Cowan that no further proceedings would be taken until McBride had gone through his bankruptcy proceedings and received his discharge in bankruptcy.

Issue was joined as to each of the above grounds, the cause went to trial, and McBride introduced his testimony in support of his grounds for setting aside the judgment and rested; thereupon Cowan demurred to the sufficiency of the evidence; the court sustained the demurrer and dismissed the action, and from such orders of the court this appeal is perfected. It primarily involves only the sufficiency of the evidence to warrant the setting aside of the judgment.

McBride filed case-made and petition in error in this court December 13, 1921; on the 28th day of February, 1922, an order was made advancing the cause and setting same for the April, 1922, term. Plaintiff in error had filed no brief, but on March 18, 1922, defendant in error filed brief on the merits of the case, wherein he discussed and undertook to answer all the errors assigned in the petition in error, which are as follows:

"(1) Said court erred in overruling motion of the plaintiff in error for a new trial.

"(2) Said court erred in not rendering judgment for the plaintiff in error.

"(3) Said court erred in sustaining the demurrer to the plaintiff's evidence.

"(4) Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error."

Thereafter, on April 11, 1922, plaintiff in error filed brief, which, though being plaintiff in error's first brief, is more of the nature of a reply brief to the brief filed by defendant in error. Later, January 31, 1923, plaintiff in error filed typewritten supplemental brief.

As heretofore stated, the conspiracy alleged to have been made between McBride's attorney and Cowan and his attorney, Rutherford, which appeared in the case of McBride v. Owen, 80 Okla. 72, 194 Pac. 208, is abandoned in the amended petition and in the brief of plaintiff in error. Likewise the contention that McBride's discharge in bankruptcy extinguished the unliquidated claim of Cowan for damages for tort is abandoned. Nor was there any evidence offered to substantiate the alleged violation of the agreement between McBride and Cowan, through their counsel, to dismiss Cowan's action for damages, nor any evidence to prove that there was such an agreement, nor is any contention made by plaintiff in error in his brief that there was such an agreement and that the same was established by evidence. But plaintiff in error in his brief relies upon the one proposition for setting aside the judgment, viz., that said judgment was obtained upon the perjured testimony of Bert Cowan, and on page 3 of his original brief he says:

"The question, and the only question, in this case is whether plaintiff can obtain a default judgment by his own perjury in the absence of defendant."

The perjury thus referred to is that Bert Cowan swore falsely when he testified in the damage suit that he received his injuries while in the employment of McBride. Plaintiff in error contends that he was not in the employ of McBride, but was in the employ of an independent contractor, and offered himself and two witnesses to prove that Bert Cowan was in the employment of an independent contractor and not in the employ of McBride. Plaintiff in error assumes that, inasmuch as Bert Cowan testified that he was an employe of McBride, and McBride and two witnesses testified that he was not in the employ of McBride, perjury was thus

clearly proven, and upon the assumption that perjury was thus shown, and that the judgment for damages was obtained by such perjury, contends that the trial court should have vacated the judgment because of such perjury. But plaintiff in error in the trial below introduced Bert Cowan as a witness, and Bert Cowan admitted that in the damage suit, he had testified that he received his injuries while in the employment of McBride; thus it became merely a question of credibility of witnesses, Bert Cowan testifying one thing, McBride and his two witnesses testifying to another. Their credibility, therefore, should have been weighed and adjudged in the light of the surrounding circumstances, and when so weighed, the trial court concluded that it did not constitute sufficient proof of perjury to justify vacating the judgment.

Plaintiff in error says:

"No one is denying the general rule that judgments will not be vacated for perjury by other witnesses than the plaintiff or for perjury of the plaintiff in other cases than default in intrinsic issues. That rule is conceded, but, like all rules, it has its exceptions, within which this case falls."—citing Provins v. Lovi, 6 Okla. 94, 50 Pac. 81; Laithe v. McDonald, 7 Kan. 254, reversed the second time in 12 Kan. 340; El Reno Mut. Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 Pac. 700; Jordan v. Volpenning, 72 N. Y. 300; and Electric Plaster Co. v. Blue Rapids City Tp. (Kan.) 106 Pac. 1079, as exceptions to the general rule.

Whether such authorities constitute exceptions to the general rule conceded above by plaintiff in error, it is unnecessary to decide, but from an examination of such authorities we find that none of them rest upon conditions anything like identical with the conditions upon which the case at bar rests, and are therefore not controlling.

A judgment will not be vacated upon parol testimony alone, even in default cases where a judgment is alleged to have been procured by the perjury of the plaintiff on intrinsic issues, but in such cases the alleged perjury must be clearly and conclusively established by actual physical facts which render the question of perjury unmistakable; as, for example, in an action to recover on a fire insurance policy where the plaintiff swears that certain goods, chattels, stock of merchandise, or household goods, etc., have been destroyed by fire, and upon such testimony obtains a judgment, and thereafter the goods themselves are found, thus making it conclusive that the judgment was obtained upon perjured testimony; or in an action upon a life insurance policy, where judgment has been obtained upon the testimony of plaintiff that the insured was dead, and thereafter it is discovered that the insured was alive; or when plaintiff in a default case has testified to a fact which official records show, conclusively and unquestionably to be false. But in no case will a court of equity vacate a judgment upon the mere preponderance in numbers of parol witnesses.

Where actions of this character, based upon grounds of this character, are brought under the statute, and within the time allowed by statute for vacating a judgment for fraud, and where the purpose of such action is merely to set aside a default judgment and obtain a new trial, the matter is addressed, to an extent at least, to the sound discretion of the court. But after the time has expired for bringing an action under the statute, and a party seeks relief in equity, a judgment will not be set aside for alleged perjury by a mere preponderance in number of witnesses, nor in any case except where such actual physical facts render such testimony absolutely and unquestionably false, and even in such case the party seeking to vacate the default judgment against him must show himself free of laches and negligence, or conclusively show that such laches was unavoidable. A willful and negligent disregard after service of summons will in no case be excused. The verity of a judgment of a court of record is of greater weight and import than the merely asserted rights of an individual, whose conduct is tainted with laches and negligence, and w h o s e grounds for relief are uncertain. The authorities above stated by plaintiff in error support this view. See, also, Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Forest v. Appleget, 55 Okla. 515, 154 Pac. 1129; Olentine v. Alberty, 82 Okla. 9, 198 Pac. 296; Scott v. Abrahams, 60 Okla. 10, 159 Pac. 270; O'Brien v. Brokerage Co., 80 Okla. 174, 194 Pac. 1083; McIntosh v. Holtgrave, 79 Okla. 63-7, 191 Pac. 739.

Plaintiff in error presents this case upon the theory that it was a suit in equity to set aside a default judgment for fraud, consisting of perjury. Conceding such theory to be true, then the following burdens were upon him, to wit: To convince the court to a reasonable certainty that he was free from laches and negligence, or show that his laches was unavoidable; that he had a meritorious defense; that the testimony complained of was in fact perjury, and that upon such perjury the judgment was obtained. Each of these burdens must essentially be discharged before relief will be granted. It is a rule which admits of no exceptions that in every case, whether in a

court of law or equity, where a judgment is sought to be vacated on grounds of fraud, whether such fraud has been perpetrated upon the court by deception extraneous to the record, or upon a litigant by willful perjury, the evidence must be sufficient to at least convince the mind and conscience of the court that the alleged fraud was in fact committed, and that the judgment sought to be vacated was obtained by such fraud; that the party had a meritorious defense, and that he was free of laches and negligence in naming his defense.

Hence, it seems to us, as heretofore stated, that the decisive question in this case is whether the court erred in sustaining the demurrer to the evidence.

At the conclusion of the evidence offered by plaintiff in error, defendant in error interposed the following demurrer:

"We now demur to the evidence of the plaintiff for the reason that same is not sufficient to establish the allegations of the plaintiff's petition, and does not entitle him to the relief prayed for in his petition."

This demurrer was sustained and journal entry of judgment entered accordingly.

Now, if, under the record, plaintiff in error has failed to discharge any of the burdens thus paced upon him as above enumerated, then this court should not reverse the judgment of the lower court.

Plaintiff in error sought to show the merits of his defense through his effort to prove the fraud, and as to whether he showed himself free of laches and negligence, it appears from the record that the damage suit was begun November 4, 1914; that McBride was served w i t h summons December 7, 1914: that he employed an attorney, John R. Hadley, to defeat his interests in such suit; that his attorney filed demurrers—three separate demurrers—to Cowan's petition; that such demurrers were not acted upon until October 7, 1916, almost two years after the filing of the suit, but at which time they were overruled and defendant, McBride, given five days to answer. No answer has ever been filed, but after the expiration of the five days the court entered an order adjudging defendant, McBride, in default.

Thereafter, in 1916, Cowan's attorney, John P. Rutherford, died, and nothing more was done in the case until January 5, 1917, when Cowan having employed another attorney, Chas. A. Dickson, attorney for defendant in error here, procured a hearing. produced proof in support of Cowan's petition for damages and obtained a judgment against McBride for $3,000. Thereafter, McBride having no property in Creek county, Cowan took no further action. McBride never at any time, either in person or by attorney, gave the least attention to the case, but to all appearances wholly ignored same until September 25, 1919, when Cowan, having discovered some of McBride's property in the county, levied upon same to satisfy his judgment, and then it was that McBride took immediate notice of the judgment and procured a stay of proceedings until this suit could be instituted.

To overcome the inferences to which the foregoing actions on the part of McBride reasonably gave rise, the only evidence McBride offered, after having admitted that he knew there was an action pending against him, was where, in answer to a question, why he had not been present and defended his suit, he said, "I had no notice of it"; and in response to another question, said, "John R. Hadley told me it would not be tried." There is no evidence offered that John R. Hadley, his attorney, did not have notice of all the proceedings; besides, John R. Hadley was, at the time of this trial, a practicing attorney living in Tulsa, Okla., and no effort was made to have him or his deposition at the trial. After this, McBride offered in evidence his discharge in bankruptcy, and during the objections and discussions as to the admissibility of such discharge Mr. Hughes, one of the attorneys for defendant in error, stated to Mr. Biddison, attorney for plaintiff in error, and to the court the following:

"If the gentleman has any evidence to offer on the agreement of counsel, he ought to offer it."

To which Mr. Biddison replied:

"We have nothing further on the agreement of counsel."

Hence the court could rightly assume that the alleged agreement of counsel to dismiss the action in the damage suit had been abandoned. The discharge in bankruptcy, however, was received in evidence. After which the court stated:

"Now the plaintiff offers to show that he has a meritorious defense to the original action."

Mr. Biddison: "That is what we want to do."

The Court: "An objection was made on the ground that he should make a primá facie case as to the fraud first. No evidence has been offered on that line."

The Court: "Now if there is any evidence at all I will have to admit the whole record, but where there is no evidence I don't think"—

Here the court seems to have been interrupted by Mr. Dickson, who said:

"There is not a particle of evidence."

These statements of the court and counsel are left unchallenged. After further discussion and after the court had announced that they would take a recess, the court said:

"It looks hard in one sense of the word for a man to have a default rendered against him, but there are two sides to this proposition; this judgment was rendered a number of years ago. The plaintiff came in and gave his evidence. The defendant did not appear. He has shown no excuse for not appearing. To let the defendant (meaning McBride in the damage suit) come in years afterwards and open the case would be probably an injustice to the plaintiff (meaning Cowan in the damage suit), and that is the reason why the courts have laid down that rule of law. There must be an end to litigation. If there was any excuse at this time why the defendant in this case was not present, law even now would give him relief."

There was no further testimony offered tending to free McBride from his laches and negligence in failing to appear in the damage suit; "agreement between counsel to dismiss the action," which was alleged as a ground for vacating the judgment, was abandoned, thus leaving the question of the perjured testimony of Bert Cowan as the only grounds for setting aside the judgment, and the only evidence offered on this ground was the testimony of McBride and his two witnesses, who testified that Cowan at the time of receiving the injuries was not in McBride's employ. There was no attempt to show that Cowan had willfully sworn falsely.

Upon this state of the record the demurrer was interposed to the sufficiency of the evidence and such demurrer sustained by the court. Thus the question addressed to the court was, the sufficiency of the evidence, and the court entertaining the view that no sufficient showing had been made to excuse McBride for his laches and negligence, and no sufficient evidence had been introduced to enable a court of equity to say of his conscience that Bert Cowan had been guilty of willful perjury, and evidence of no other fraud having been offered, the court concluded upon the whole that the evidence was insufficient to warrant setting aside the judgment. In this we think the court was correct.

In our opinion, from the record, plaintiff in error did not meet a single one of the obligations which both law and equity impose upon him and require him to discharge before he is entitled to set aside a judgment regular and valid on its face.

Under the reasoning and authorities in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Olentine v. Alberty, 82 Okla. 9, 198 Pac. 29; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; McIntosh v. Holtgrave, 79 Okla. 63-67, 191 Pac. 739; and O'Brien v. Brokerage Co., 80 Okla. 174, 194 Pac. 1083, and in view of the record itself, we believe the trial court was correct in sustaining the demurrer to the evidence.

It appearing that a supersedeas bond has been given herein, judgment as per journal entry is hereby rendered upon such supersedeas bond.

The judgment is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, and MASON, JJ., concur.