No. 5666.

A. M. McMurray *v.* F. J. McMurray.

1. Equity—Judgment.—A court of equity will vacate a judgment or decree obtained by false testimony if it be shown that the false testimony was obtained through the procurement or connivance of the party to be benefited by it.   The district courts of Texas exercising equity powers, will, by re-examining a case on its merits, grant relief when it is made to appear that a judgment was obtained by fraud, mistake or accident, and where there has been no want of diligence on the part of the person against whom the judgment was rendered.

2. Cases Approved.—Laith v. McDonald, 7 Kansas, 254; Bell v. Walnitzch, 39 Texas, 194; Burgess v. Levengood, 2 Jones's Equity, 460, and Peagram v. King, 2 Hawks, 297, approved.

3. Divorce—Judgment—Equity.—Relief may be obtained against a judgment in a divorce case, when procured by the fraud of one of the parties, when the complaining party was prevented by such fraud from presenting the case fully at the time the decree was entered, if there was no want of diligence in the complainant; and such relief may be obtained in a new suit brought to correct the wrong, though begun after the close of the term at which the decree was rendered.   The doctrine announced in Green v. Green, 2 Gray, 361, in regard to the exercise of such revisory powers in a suit brought after the close of the term at which the decree was entered, disapproved or qualified.

4. Equity—Review.—The discovery after the term of a material fact, which being revealed would have resulted in a different judgment, and of which the injured party was unavoidably ignorant during the progress of the cause, and which such party could not know by reasonable diligence, constitutes a basis for equitable relief.

5. Husband and Wife—Divorce—Review.—The husband being, under the laws of Texas, the custodian of the community interest of himself and wife, and invested with the power of its disposition, a fraudulent concealment of its extent and value from his wife, followed by his perjury as to that value in a proceeding against the wife for divorce, will, on its discovery by the wife, entitle her to a review of the decree settling their property interests, there being no want of diligence to discover the facts on her part.

Error from Live Oak.   Tried below before the Hon. D. P. Marr.

*T. A. Blair,* for plaintiff in error, cited Whetstone v. Coffee, 48 Texas, 271; Wright v. Wright, 7 Texas, 526; Story's Equity Pleadings, section 426; Murchison v. White, 54 Texas, 85, 86.

*A. J. Peeler* and *J. M. Eckford*, for defendant in error: On their proposition that bills of review are not favored, and the right should be made clear, they cited Johnson v. Templeton, 60 Texas, 238; United States v. Throckmorton, 98 United States, 61; Nichols v. Dibbrell, 61 Texas, 539; Murchison v. White, 54 Texas, 78; Burnley v. Rice, 21 Texas, 171; Jones v. Britton, 1 Woods, 667.

That the court, in a case like the present, acts in the exercise of its equitable power, they cited Goss v. McLaren, 17 Texas, 107; Overton v. Blum, 50 Texas, 417; Burnley v. Rice, 21 Texas, 171; Plummer v. Power, 26 Texas, 6; Davis v. Terry, 33 Texas, 426; Taylor v. Fore, 42 Texas, 256; Johnson v. Templeton, 60 Texas, 238.

As to the granting of the application being not matter of right, but discretion, cited Story's Equity Pleadings, section 417; Dexter v. Arnold, 5 Mason, 303; Steines v. Franklin County, 14 Wall, 15, supra.

On the proposition that the court may, upon demurrer, refuse application and dismiss the bill, because of its want of equity, they cited Randon v. Cartwright, 3 Texas, 267; Goss v. McLaren, 17 Texas, 107; Fiske v. Miller, 20 Texas, 572; Burnley v. Rice, 21 Texas, 171; Vardeman v. Edwards, 21 Texas, 737; Snow v. Harper, 22 Texas, 168; Gregg v. Bankhead, 22 Texas, 245; Power v. Gillespie, 27 Texas, 370; Roller v. Woodbridge, 46 Texas, 485.

As to conclusiveness of judgment, not only as to matters litigated, but which might have been litigated, they cited Nichols v. Dibbrell, 61 Texas, 539; Teal v. Terrell, 48 Texas, 491; Hatch v. De la Garza, 22 Texas, 176; Insurance Company v. Bangs, 103 United States, 780.

As to the duty of plaintiff, not only to impeach equity of decree, but to show diligence, they cited Johnson v. Templeton, 69 Texas, 238; Plummer v. Power, 29 Texas, 6; Vardeman v. Edwards, 21 Texas, 737.

Ought to show that without fault or neglect plaintiff did not have it in her power to apply for new trial, Vardeman v. Edwards, 21 Texas, 749. See also as to negligence, Bryorly v. Clark, 48 Texas, 345; Cook v. De la Garza, 13 Texas, 431; Burnley v. Rice, 21 Texas, 171.

That it was unpardonable negligence to depend on one's adversary for evidence, they cited Burnley v. Rice, 21 Texas, 181; Life Insurance Company v. Bangs, 103 United States, 780; United States v. Throckmorton, 98 United States, 61.

As to negligence being tested, not by what the party knew, but what, by using reasonable diligence, she might have known, they cited, Power v. Gillespie, 27 Texas, 370.

Stayton, Associate Justice.   This action was brought by the plaintiff in error on January 31, 1885, in the district court for Live Oak county, to vacate a decree rendered by that court on March 15, 1883, and to recover her share of the community property, of which she claimed to have been defrauded through a decree obtained through willfully false evidence given and produced by her husband on the trial of an action for divorce instituted by him.

The petition in effect alleges that the home of herself and husband was in Live Oak county, Texas, but that she was absent, with the consent of her husband, and at the home of her mother, in the State of Louisiana, distant from Live Oak county about one thousand miles, where, on January 3, 1883, she was served with notice to appear and defend an action for divorce which her husband had filed against her, alleging abandonment as a ground.   The petition further alleges that she was without means to come to Texas or to employ counsel, but that she did by letter secure counsel, to whom she gave such information as she possessed, and that evidence, so far as she was able to procure it, was obtained.   The fact of abandonment was denied, and the petition gave a full statement of repeated intercourse between the parties while the plaintiff was in Louisiana, and of the repeated promises of her husband to take her to Texas so soon as he could provide a new home, he having induced her, while in Louisiana, to consent to the sale of their former homestead in Texas.

The petition further alleged that the action for divorce "was brought by the defendant (her husband) with the wicked and willful intent to cheat and defraud your petitioner of her interest in the community property; that defendant willfully, wrongfully, and with the wicked intent to cheat and defraud your petitioner, procured and introduced false evidence to prove said abandonment by petitioner, and with like intent himself did testify falsely as to the amount and value of the community property; that a division was made by said decree, on said false evidence so produced and given by defendant;   *   *   *   that the decree was made on the proof so made by defendant that said abandonment occurred on June 4, 1878;   *   *   *   that on the trial of said cause,

the defendant, testifying to the amount and value of his estate, testified that he was worth only the sum of twenty thousand dollars, and that the same was his separate property, when, in truth and in fact, at the time of said decree defendant had in his possession fifty-five thousand dollars worth of property, * * * all of which was community property, except the amounts hereinafter mentioned, which were the separate property of defendant; * * * that defendant had always kept your petitioner in total ignorance of the amount and value of the estate; that neither petitioner nor her counsel could find any one who knew anything of the amount and value of the same; that on the trial of said cause her counsel was compelled to rely upon the evidence of the defendant as to the amount and value of said estate; that on said trial defendant testified that all the property, amounting to about twenty thousand dollars, was his separate property, when, in fact, there was fifty-five thousand dollars belonging to said estate, which was all community property save and except" the sum of one thousand five hundred and seventy-two dollars, which the petition admitted was the separate property of the husband.

The petition further showed that by the decree in the divorce suit there was set apart to the plaintiff in error property amounting in value to eighteen hundred dollars.

The reasonable inferences from the petition are that the falsity of the evidence given by the husband was not discovered until after the close of the term at which the judgment was rendered. Demurrers to the petition were sustained and the cause dismissed.

The district courts of this State doubtless have all the power exercised by courts of equity to give relief against judgments obtained by fraud, accident or mistake; and the inquiry arises whether the facts stated in the petition entitle the plaintiff to the relief sought.

The petitioner, in effect, alleges that the defendant procured a decree to be rendered in his favor whereby she was deprived of her share of the common property, and that this was accomplished through willfully false testimony, given by the defendant himself, in reference to a matter of which, from their relation, he had means of knowledge not accessible to her.

There is some conflict of authority as to the power of a court of equity to vacate a judgment or decree obtained by false testimony, and it seems to be generally held that such a power will not be exercised unless it be shown that the false testimony was

introduced through the procurement or connivance of the party to be benefited by it. (Fiske v. Miller, 20 Texas, 581.)

It has often been asserted in this State that the district courts in the exercise of their equitable powers may grant by re-examining the case on its merits, such relief as equity and justice may demand when it is made to appear that a judgment has been obtained by fraud, mistake or accident without any want of diligence on the part of the person against whom rendered. (Overton v. Blum, 50 Texas, 423.)

That the willful giving of false testimony by a party to an action in relation to a matter affecting an issue to be tried is fraud of the most pernicious character can not be questioned, and for such conduct it has been held that the injured party is entitled to have the cause re-examined. (Laith v. McDonald, 7 Kansas, 254; same case, 12 Kansas, 340; Bell v. Walnitzch, 39 Texas, 132; Burgess v. Levengood, 2 Jones's Equity, 460; Peagram v. King, 2 Hawks, 297; Dunlap v. Glidden, 31 Maine, 439; Peck v. Woodbridge, Daly, 36; 3 Graham & Waterman on New Trials, 1543; Story's Equity, 1574, 1575.)

In the case of Green v. Green, 2 Gray, 361, it was held that a decree of divorce obtained by a husband could not be set aside at a term subsequent to that at which it was rendered, on an original proceeding instituted by the wife for divorce in which she alleged that the divorce granted to the husband was obtained by fraud and false testimony.

In commenting on this case in the more recent case of Edson v. Edson, 108 Massachusetts, 598, the same court said: "Strictly speaking, the decision is an authority only for the proposition that a decree of divorce can not be called in question or invalidated on the ground of fraud in its procurement, in a separate and independent libel subsequently brought between the same parties, when it appears that the first decree was entered after due notice to the adverse party, followed by an adjudication upon the evidence offered in support of the allegations in the libel. To this extent, there can be no doubt that the decision is in harmony with sound principles, and with adjudicated cases; but beyond this, which was the precise point adjudicated, the authority of the case can not be extended. It certainly is distinguishable from the case now before us. This is not a new suit in the nature of an original proceeding to obtain a decree of divorce, in the course of which it is attempted to treat a former decree as null and void, but it is a petition addressed to the

sound discretion of the court, asking that a decree rendered at a former term may be re-opened and vacated, on the ground that it was fraudulently obtained. It is in the nature of an application to correct the record, and prevent wrong and injustice from the effect of the judgment as it now stands. In this respect it only invokes the exercise of a power of the court, for which there are precedents in analogous cases."

In the case of United States v. Throckmorton, 98 United States, 61, it was held that a proceeding to vacate a decree alleged to have been obtained through the use of a false instrument and the deposition of perjured witnesses could not be maintained after the lapse of twenty years. There is nothing in the report of the case, however, to indicate that by the exercise of proper diligence, the fraud complained of might not have been discovered before the decree was rendered, but, on the contrary, it was assumed that this might have been done; and, besides, the property involved had passed into the hands of third persons.

There is much in the opinion, however, which tends to a denial of the power of a court after the term at which a judgment or decree is rendered to re-examine the case, even though the judgment or decree may have been obtained through perjury of the successful party; but after referring to classes of cases in which relief might be given, the court said: "In all these cases and many others which have been examined relief has been granted on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court."

If the averments of the petition before us are true, it can not be denied that the plaintiff in error was prevented by the fraud of the adverse party from fully presenting all of her case at the time the decree was entered, and so, without any want of diligence on the part of herself or counsel. If fraud was committed this was done in obtaining the judgment, and not in some step which preceded the trial, of which the complainant was cognizant and ought to have been prepared to meet.

The rule which denies to a party the right to re-litigate a matter once in controversy and decided by a court having jurisdiction is one on the observance of which the welfare of society largely depends, and should not be frittered away; but it assumes that there has been a trial in which the respective parties have had an opportunity to fully present their claims. It ought not to

be given application when it is clearly made to appear that one party has, by his own false evidence knowingly given, or by the evidence of others by him introduced and known to be false, obtained a judgment or decree against his adversary which gives to him something which truth and justice would deny.

If by accident or mistake, without fault or neglect of his adversary, one obtains a judgment or decree which he ought not to have, relief may be given. And why? Certainly for no other reason than that the party affected by the accident or mistake has not had an opportunity to fully present his right. When one is deprived of the power to do this by the knowingly false testimony of his adversary, is he to be denied relief when it would be given, on the ground of accident or mistake, when his adversary may be without fault?

It has been well said that "ignorance of fact is clearly associated with the ground last above stated (mistake of fact), and rests on precisely the same principles. A subsequent discovery of such material fact, of which the party was unavoidably ignorant, during the progress of the cause, is a basis for equitable relief. This rule is for the reason that a state of ignorance is a moral incapacity of making a defense on trial. However, it is not sufficient that the defendant did not know of the grounds of defense during the trial; but it must likewise appear that the ignorance did not result from any want of diligence." (Wells's Res Adjudicata, 502; Breese, 149.)

Such being the effect of ignorance of fact not resulting from the want of diligence, what must be the effect of such ignorance when knowledge is not only withheld, but concealed by false swearing, by one whose relation to the thing in litigation is such that it is his duty to have knowledge in regard to it, that he may properly manage it as its sole legal custodian, and whose relation to the ignorant beneficiary is such that to withhold needed information is a breach of duty constituting fraud? As to community property, a husband is in a restricted sense a trustee for his wife, bound to good faith, and derelict in duty if he conceals knowledge from her necessary to enable her to protect her rights.

As was said in Wright v. Wright, 7 Texas, 534, "where a party claims property consisting of various articles, which he attempts to enumerate, in order that all the constituents of his claim be presented for adjudication, the judgment or decree would generally preclude further controversy in relation to matters which

should have been properly embraced in the pleadings and judgment in the first litigation, but this rule is subject to exceptions. It would not, for instance, debar the party from claiming property which had been fraudulently concealed by the other party, or prevented by his fraud from being brought forward for disposition by the decree; nor, in a case like the present, would a married woman suing for separation of property be concluded and restricted to the articles claimed in her pleadings. In such case there is no presumption that the wife has full knowledge of the property to which she has a claim. The inference would be unreasonable.

"The law invests the husband with the management of all the property in which the wife has an interest. The incapacity of the wife during matrimony is presumed. From the legal fiction she suffers many evils, and she is entitled to its immunities; at least, in all cases where they are not invoked to shield the perpetration of gross frauds on the rights of others. She could not rationally be supposed to be fully cognizant of the extent or description of the community property, and she can not be concluded, if the whole of such property be not described in her pleadings. * * * The concealment of property by the husband, or the refusal of commisioners to insert it in the inventory, can not prejudice the rights of the wife, for the law protects such as labor under incapacities, and such as are defrauded, and not those who commit fraud."

We are of the opinion that the petition states facts which entitle the plaintiff to a re-examination of the question of community property, and to the value of such additional part thereof as, in connection with that already decreed to her, will give her a share equal to that which the defendant under the law is entitled to retain.

For the error in sustaining the demurrers and dismissing the petition, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 19, 1887.