## HAYWARD v. HAYWARD.

No. 2712.

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1932.

Rehearing Denied Oct. 13, 1932.

M. E. Cassidy, of Phœnix, Ariz., and Nealon, Hudspeth & McGill, of El Paso, for appellant.

W. G. Gilmore, of Douglas, Ariz., and Whitaker & Peticolas and Turney, Burges, Culwell & Pollard, all of El Paso, for appellee.

HIGGINS, J.

This is a suit by Nellie A. Hayward against J. W. Hayward, filed February 16, 1931, in the Thirty-Fourth district court of El Paso county, to set aside a decree of divorce rendered by said court September 7, 1928, in favor of the said J. W. Hayward and against the said Nellie A. Hayward.

A general demurrer to the petition was sustained, and the suit dismissed.

The petition discloses the original action was based upon the statutory ground of abandonment; that service was obtained by publication as upon a nonresident defendant, and that plaintiff did not know of the divorce proceedings and decree until December, 1930; that an attorney was appointed to represent her in the suit and a statement of facts filed as required by article 2158, R. S.

Appellant alleged the judgment of divorce was procured by fraud practiced upon plaintiff and the district court in the following particulars (copied from appellant's brief):

"First, that the allegation that Nellie A. Hayward voluntarily left the bed and board of J. W. Hayward with intention of abandonment and the allegation of refusal upon the part of said Nellie A. Hayward to live with J. W. Hayward were false, and that the allegation of said alleged abandonment had continued for more than three years was false, the said Nellie A. Hayward alleging the truth to be that she did not abandon the said J. W. Hayward and did not separate from him without his consent and that no such alleged abandonment continued for a period of three years prior to the filing of the suit and that at the time of the filing of said suit she was not refusing to live with the said J. W. Hayward as his wife.

"Second, that the said J. W. Hayward practiced a fraud upon the said Nellie A. Hayward and said District Court by testifying as shown by the said statement of facts filed in said Court, that on or about the month of November, 1922, the said Nellie A. Hayward voluntarily left the home of the said J. W. Hayward and remained away from him until the time of giving of said testimony on September 7th, 1928, and that she told him that she did not further intend to live with him as his wife and that said alleged abandonment continued for more than three years and that said separation was with the intention on her part to abandon the said J. W. Hayward and that there was no community property belonging to either which had not been adjusted and taken care of; the said Nellie A. Hayward affirmatively alleging that when they separated in November, 1922, it was not with the intention upon the part of said Nellie A. Hayward that she should abandon the said J. W. Hayward, but that both of said parties deemed it wise for her to go to Phoenix, Arizona, both of them believing that the altitude and water at Douglas, Arizona, aggravated certain physical ailments to which she was subject and that she therefore went to Phoenix, Arizona, and accepted a position there, but that the said J. W. Hayward maintained his residence at Douglas, Arizona, claiming that it was necessary for him to live at Douglas, because he was an employee of the El Paso and Southwestern Railway Company, running between Douglas and El Paso, Texas, and having sleeping quarters in each of said cities to use when he was at the one or the other place, and that there was at one time a disagreement and she filed a suit for divorce, and a form of agreement by which certain properties were allotted to each of the parties thereto was entered into, but as a result of entreaties upon the part of the said J. W. Hayward and his display of signs of affection for the said Nellie A. Hayward, she did sign a purported property right settlement, but thereafter they regarded said agreement as dissolved and the said J. W. Hayward promised that the same should never be recorded and that it was not recorded until December, 1929, and that at the said J. W. Hayward's request the said Nellie A. Hayward dismissed her divorce proceedings in Arizona, and that said agreement was entered into and said dismissal had without the advice of counsel upon her part, but that she was persuaded to so act on account of the express wishes of the said J. W. Hayward and on account of the apparent affection that he displayed for her. She further alleged that in September and October, 1926, the said parties lived and cohabited as husband and wife, and in June, 1926, the said J. W. Hayward in an interview at Phoenix, Arizona, promised to go to that city and live as soon as he could be transferred and that they lived together as husband and wife in the latter part of June and early part of July, 1926; that in 1927, he furnished her with transportation to Los Angeles, California, and that he came to see her two or three times in 1927 and two or three times in 1928, when he had her sign a number of papers disposing of property or property interests and remained apparently on good terms with her until she

had signed the various papers he had requested her to sign. She further alleged that the last papers she signed for him were signed on or about May 16th, 1928, and May 31st, 1928, in Phoenix, Arizona, and that when they last separated in Phoenix, Arizona, in 1928, it was with the understanding that the said J. W. Hayward would go back to that city to live when he could get his affairs straightened out so that he might do so without losing his seniority on the railroad or jeopardizing his opportunity of getting a pension. She further alleged that they became reconciled in 1926 and were, as she believed, on as good terms as ever subsequent to said reconciliation and lived together as husband and wife at Indian Hot Springs, Arizona, in 1926. She further alleges that while J. W. Hayward in his suit for divorce alleged that her residence was somewhere in the State of Arizona, the exact location being unknown to the said J. W. Hayward, such allegation was false, as he at all times knew that she was at Phoenix, Arizona, and but a few months before had visited her there and that the evidence of J. W. Hayward as shown by the statement of facts to the effect that her residence was somewhere in the State of Arizona was intentionally misleading as it was intended to carry to the court the conviction that J. W. Hayward did not know the whereabouts of Nellie A. Hayward.

"Third, as further ground for setting aside and holding for naught said divorce decree appellant alleged that the said J. W. Hayward in his original petition failed to allege that he had been a bona fide inhabitant of the State of Texas for twelve months immediately preceding the filing of said suit.

"Fourth, as a yet further ground for setting aside said divorce decree, appellant alleged that the statement of facts filed in said suit No. 30476 which was approved upon the agreement of counsel in said cause as 'all of the facts proved' failed to disclose evidence that the said J. W. Hayward had been a bona fide inhabitant of the State of Texas for twelve months next immediately preceding the filing of said suit, or that at the time of filing said suit he had resided in El Paso County, Texas, for six months next immediately preceding the filing of said suit. Appellant further alleged that she did not know of the filing of said divorce suit or of the obtaining of the decree of divorce therein until late in December, 1930, more than two years after the entry of said decree, and that it was necessary for her to make arrangements to secure counsel to file her petition and that she acted with diligence; that had she known of the filing of said suit prior to its trial she would have appeared and defended the same and have introduced the testimony to

prove facts as alleged by her. Had she known prior to two years after September 7th, 1928 (the date of said divorce decree) of the rendition and entry of said decree of divorce,' she would have filed her petition for review, but that she was ignorant of said proceedings and as she believes was purposely kept in ignorance by J. W. Hayward and she alleged it as her belief that the said J. W. Hayward caused process to be served by publication instead of having non-resident notice served upon her in order to keep her from knowing of the pendency of said suit so that she would not be afforded an opportunity to make defense and thus he would be able to mislead the court to her prejudice and to the prejudice of the cause of justice."

The first point presented is that the court had no jurisdiction to enter the decree of divorce in favor of appellee in the absence of an allegation that he was and had been a bona fide inhabitant of the state of Texas for twelve months immediately preceding the exhibiting of his petition, and for this reason the demurrer was improperly sustained.

■ Plaintiff alleged that "said J. W. Hayward in his original petition failed to allege that he had been a bona fide inhabitant of the State of Texas for twelve months immediately preceding the filing of said suit," but in the briefs it is stated by appellant and assented to by appellee that the jurisdictional grounds in the divorce suit were alleged in this language: "That he is and has been for more than twelve months prior to exhibiting this petition herein an actual bona fide inhabitant of the State of Texas, and has resided in El Paso County, for at least six months next preceding the filing of this suit."

It will be observed these allegations follow almost literally the language of article 4631, R. S. They are sufficient. McCullough v. McCullough (Tex. Com. App.) 36 S.W.(2d) 459.

■ Appellant alleged as a part of her cause of action "That the statement of facts filed in said suit No. 30476 which was approved upon the agreement of counsel in said cause as all of the facts proved failed to disclose evidence that the said J. W. Hayward had been a bona fide inhabitant of the State of Texas for twelve months next immediately preceding the filing of said suit, or that at the time of filing said suit he resided in El Paso County, Texas, for six months next immediately preceding the filing of said suit."

It is objected that the indicated insufficiency of the statement of facts was fatal to the validity of the divorce decree, but we do not so regard it. The failure of the statement to show the necessary inhabitancy in this state and residence in El Paso coun-

ty would have been ground for reversal upon appeal or writ of error and for new trial upon motion filed within two years under subdivision 1, of article 2236, R. S., but we do not regard it as sufficient to completely invalidate the decree of divorce and render the same void. Buse v. Bartlett, 1 Tex. Civ. App. 335, 21 S. W. 52; Crosby v. Bonnowsky, 29 Tex. Civ. App. 455, 69 S. W. 212; McLane v. Kirby & Smith, 54 Tex. Civ. App. 113, 116 S. W. 118.

■ The controlling question in this case arises upon the equitable grounds alleged, which in substance are that the decree was based upon false and perjured testimony, and for the fraud thus practiced the decree should be set aside.

The authorities in this state support the view that an action may be successfully maintained to set aside a judgment based upon false and perjured testimony of the party procuring such judgment when the party against whom the judgment was rendered is not wanting in diligence.

The leading case to this effect is McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357, which has been often followed. See, also, Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442; Bonner v. Pearson (Tex. Civ. App.) 7 S.W.(2d) 930; Avocato v. Dell'Ara (Tex. Civ. App.) 84 S. W. 443; Davis v. Jones (Tex. Civ. App.) 149 S. W. 727; Ellis v. Lamb-McAshan Co. (Tex. Civ. App.) 264 S. W. 241; Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 688; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605.

The petition discloses the service in the suit was obtained by publication and plaintiff did not learn of the filing of the suit and the decree rendered until December, 1930. The present suit was filed in due time thereafter. The allegations show she has not been lacking in diligence and further show that the decree was obtained by the false and perjured testimony of the plaintiff. Under the authorities cited, the petition states a cause of action.

The Texas authorities cited by appellee need not be reviewed. An examination of those cases will disclose that the rulings therein were based upon facts different from those in the case at bar.

We doubt if the matter presented by the sixth proposition is properly before us for review at this time. We therefore refrain from discussion thereof, but will say that in our opinion the proposition is well taken. McConkey v. McConkey (Tex. Civ. App.) 187 S. W. 1100; Pinkard v. Pinkard, 14 Tex. 356, 65 Am. Dec. 129.

For the error in sustaining the general demurrer, the judgment is reversed, and the cause remanded.