## COLVIN v. COLVIN.
### No. 4545.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1936.

Rehearing Denied March 9, 1936.

Callaway & Callaway, of Brownwood, for appellant.

Critz & Woodward, of Coleman, for appellee.

HALL, Chief Justice.

W. J. Colvin sued Mrs. Mattie Colvin, as defendant, in the statutory form of trespass to try title to recover 129 acres of land in Coleman county.

By amended answer and cross-action, Mrs. Colvin, in addition to a general demurrer and general denial, specially alleged that she and plaintiff were married on January 6, 1924, and lived together as husband and wife, using, occupying, and enjoying the land in question as their homestead, until the 28th day of June, 1934, when the said Colvin claimed that he had been divorced from her, and ever since said date she had continued to use and occupy the premises as her homestead, and was still so occupying the premises at the time of the filing of her answer. She alleged that the purported divorce granted to Colvin on the 28th day of June, 1934, was procured by active fraud on the part of Colvin in that he prevented her from appearing and setting up her defenses and asserting her rights in said divorce suit; that it was a fraud upon the court in that said divorce was procured upon the knowingly false and perjured testimony of the said Colvin. She alleged that the fraud consisted in part in that she was served with citation in the divorce case on May 16, 1934; that she and the said Colvin were living and cohabiting together and had never been separated, and that when she was served with such citation she was greatly shocked, grieved, and surprised, and upon asking him about it he explained to her that he had merely filed the suit in a fit of temper and that he would have it dismissed; that she believed and relied on

said statement, and they continued to live and cohabit together as husband and wife, and thereafter the said Colvin informed her that he had in fact had the suit dismissed and that she need not worry further about it; that but for the fact of such representations she would have employed an attorney and contested the suit, as he had no grounds therefor, and especially would she have asserted her right to have the homestead, consisting of 129 acres of land situated on the separate property of her said husband, set aside to her, and alleged that there was community property consisting principally of promissory notes and money of about $30,000, none of which had been mentioned in the divorce suit, and that she would have had a partition and division of said community property but for the fraud in preventing her in presenting her defense to said divorce suit. She further alleged that the decree of divorce was an active fraud on the court and its jurisdiction, and had been procured by the knowingly false testimony of Colvin, who testified in said proceeding that by reason of the cruel treatment of the defendant toward him his further living with her as his wife had become insupportable, and he had been forced to separate from her on that account, when in truth and in fact he had never separated from her at all, but had slept with her the night before the divorce was granted, and she had prepared his breakfast before he went to the town of Coleman to procure the divorce. The amended answer further set out grounds for divorce on the part of the appellant and asked that said former decree of divorce be set aside, and that she be granted a divorce on the grounds set up by her, and that the land in question be set aside to her as a homestead, and that the community property be partitioned between them.

The court sustained general demurrers to this answer on the ground of misjoinder of causes of action and the insufficiency of the cross-action, to which ruling of the court defendant excepted.

Mrs. Colvin, appellant here, then presented a motion to have this cause consolidated with cause No. 5345 on the docket of the district court, styled Mrs. Mattie Colvin v. W. J. Colvin, which was a direct action by her to have the said divorce decree vacated upon the same grounds, and asking for the same relief which she sought to obtain by her cross-action in this case (which the court had just stricken on demurrer and dismissed), showing in her motion that the same matter was in controversy in said suit as in this, but that in the cause at bar, the court having dismissed her cross-action, she was prevented from urging her defense or litigating her rights before the court, as fully set out in said motion to consolidate. The court overruled said motion, to which action of the court she excepted.

The other suit was brought directly to vacate the decree of divorce, and the action of the trial court in striking out appellant's cross-action and in overruling her motion to consolidate the two cases constitute the two errors complained of upon this appeal.

■ Colvin has filed a motion in this court to dismiss the appeal upon the ground that the matters involved herein have become moot since the appeal was perfected.

The principal ground of the motion is that since the appeal of this case, and on the 9th day of November, 1935, Mrs. Mattie Colvin has married and is now the wife of J. D. England. There is a certified copy of the marriage license attached to the motion, showing that the marriage ceremony was performed on the last-named date by the Rev. T. L. Huffstutler. It is contended in the motion that the two suits were instituted for the purpose of annulling the divorce decree which was procured by Colvin, and to secure a divorce for Mrs. Colvin, and that her marriage has the effect of rendering moot the issues involved because, on account of her marriage, she cannot now attack the validity of the divorce decree and have the same set aside because it would render her marriage to England bigamous.

The primary purpose of both suits was to secure a division of the property owned by them at the time of the divorce. She does not object to being divorced, but wanted the decree entered upon her application. We are not concerned with whether a judgment in this case setting aside the divorce granted upon his application and divorcing the couple upon the grounds alleged by her would subject her to a charge of bigamy. If the facts alleged in her petition in the last suit and in her cross-action in this suit are true, she is clearly entitled to have the matter of the division of the property adjudicated. She may abandon the divorce feature altogether in her amended pleading, and proceed in the nature of a bill of review. Even though the divorce decree was properly rendered and cannot be set aside, this would be no obstacle to reopening the case and decreeing a division of the property. Suits have been upheld and

912

maintained in this state in many instances where judgments were secured by fraudulent means. 17 Tex.Jur. pp. 26 to 31 inclusive. Where a divorce has been secured by false testimony, and either spouse has been deprived of valuable property rights, or the right to the custody of children, the courts have not hesitated to reopen the case. McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Hayward v. Hayward (Tex.Civ.App.) 53 S.W.(2d) 108, 111; Swearingen v. Swearingen (Tex.Civ.App.) 193 S.W. 442; Moor v. Moor (Tex.Civ. App.) 57 S.W. 992; Kuehn v. Kuehn (Tex. Civ.App.) 232 S.W. 918, 925. Her marriage would not have the effect of making the division of the property issue moot. We overrule the motion to dismiss the appeal.

By her first assignment of error she insists that the court erred in sustaining Colvin's general demurrers to her cross-action. We sustain this proposition.

■ Colvin urged eighteen exceptions to Mrs. Colvin's cross-action by which she sought to have her claim in the property adjudicated. By the first exception it is insisted that there is a misjoinder of causes of action because her claim for division of the property against the plaintiff "is improperly joined in this suit with plaintiff's cause of action" against her. The second exception is that there is a misjoinder of causes of action because she alleges the existence of certain community property, consisting of notes, etc., and the exception insists that this is a misjoinder of causes of action because it cannot be litigated in plaintiff's suit in trespass to try title. The same complaint is made with reference to her claim for interest in cattle, value of notes, household and kitchen furniture, etc., and the insistence is that her claim is a misjoinder of causes of action with the plaintiff's cause of action in trespass to try title against her.

This is distinctly a novel view of what constitutes a misjoinder of causes of action. His cause of action is one in trespass to try title, by which he seeks to deprive her of her interest in the tract of land involved. A careful reading of her petition fails to disclose any effort on her part to join him in defeating her claim. She is contesting his claim instead of joining him in it. Instead of a misjoinder, there is an emphatic disjoinder of the respective causes of action. A misjoinder of causes of action is when a party, by his petition or cross-action, seeks to recover against the opposite party upon two or more separate grounds which have no connection with each other and did not grow out of the same transaction. The court certainly erred in sustaining these exceptions.

■ The fifth exception is a general demurrer to the entire answer which includes, of course, the cross-action. The exceptions numbered six to seventeen are simply general demurrers to various paragraphs and allegations of fact set out in the answer. They attack the sufficiency of specific facts alleged in the petition as to their substance and not their form. Of course, in the due order of pleading, the general exception should have preceded the special exceptions. Towns on Pleading, 363; R.S. art. 2012; Stayton's Method of Practice, 108; District and County Court Rule 7.

■ The eighteenth or final exception is also a general demurrer to the entire answer. Its language is: "Plaintiff further excepts to said answer and to all the allegations therein so far as the same seeks to bring into or litigate in this case any alleged cause of action other than the title to the land described in plaintiff's petition, and says that each and all of said allegations relate to and attempt to bring into this suit and to litigate herein matters not connected with or growing out of or incident to plaintiff's suit, and of this plaintiff prays judgment of the court and that all of said allegations be stricken out and dismissed."

The court's order passing upon these exceptions states that the court is of the opinion, and so holds, that there is a misjoinder of causes of action herein, and that the defendant's cross-action, as set out in paragraphs 4, 5, and 6 of defendant's said amended original answer and cross-bill, are improperly joined in this suit with plaintiff's suit for the land in question, and that plaintiff's exceptions thereto, as set out in paragraphs 1–18 inclusive of plaintiff's first supplemental petition are sustained as against said cross-action of the defendant, as set out in paragraphs 4, 5, and 6 and the subdivisions thereof. The assignment sufficiently calls into question the error of the court's ruling.

The supplemental petition was filed January 16, 1935. The eighteen exceptions, including the two general demurrers, were sustained by an order made and entered the following day. On the 28th day of January thereafter the defendant filed a motion

to consolidate, and this was overruled on the same day. The final judgment was entered February 4th thereafter. The leading case of McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357, and the other divorce cases cited above, clearly show that the court erred in sustaining either or both of the general demurrers to the cross-action.

 The record further shows that after the court's ruling and before the final judgment was rendered, Mrs. Colvin, before final trial on the merits, filed her petition on the 19th day of January, numbered 5345, in the nature of a bill of review for the purpose of having her right to the property adjudicated; that so far as her petition in that case, and her cross-action in this case, are concerned, it appears that she is seeking the same relief in both cases and tendering the same issues. Ordinarily an appellate court will not review the action of the trial court either in granting or refusing a motion to consolidate. Such an order will be reviewed and revised only where it is shown that the trial judge abused his discretion. We think that the trial court having erroneously sustained general demurrers to the cross-action, thereby depriving Mrs. Colvin of the right to urge her claim to an interest in the community property, the court should have, in justice to her, consolidated the two cases, and ordered both parties to replead. 1 Tex.Jur. 675; Wright v. Chandler (Tex.Civ.App.) 173 S.W. 1173.

For the reasons stated, the judgment is reversed, and the cause remanded.