# NO. 12-18-00345-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | *§* | *APPEAL FROM THE 294TH* |
| *MARRIAGE OF RANDALL LEE* | *§* | *JUDICIAL DISTRICT COURT* |
| *HUTCHERSON AND PENNI RHNEA* | | |
| *HUTCHERSON* | *§* | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Randall Lee Hutcherson appeals from a final decree of divorce in which the trial court granted Appellee Penni Rhnea Hutcherson's petition for divorce and divided the parties' marital estate. In two issues, Appellant asserts the final decree did not comport with the trial court's oral pronouncement or Appellee's pleading, and the trial court abused its discretion in denying Appellant's motion for new trial. We affirm in part and reverse in part.

## BACKGROUND

Appellee filed a petition for divorce and requested the court divide the parties' property. Appellant appeared pro se at the hearing, by telephone due to his incarceration. The parties were the only testifying witnesses. The trial court granted the divorce, divided the property based on their testimony, and signed the decree the same day. Appellant timely filed a motion for new trial contesting only the awards of two items. The trial court denied the motion, and this appeal ensued.

## SASSY

In his second issue, Appellant asserts that the trial court erred in denying his motion for new trial regarding the question of ownership of the Pomeranian/Yorkie mix dog named Sassy. He contends that Appellee presented false testimony with respect to her ownership of the dog, and

his evidence shows that the dog was neither personal property nor community property of the parties.

**Standard of Review**

New trials may be granted and judgment set aside for good cause. Tex. R. Civ. P. 320. Denial of a motion for new trial is reviewed for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). The test for abuse of discretion in ruling on a motion for new trial is whether the trial court acted without reference to any guiding rules or principles or whether the trial court's actions were arbitrary or unreasonable under the circumstances of the case. *Ward v. Hawkins*, 418 S.W.3d 815, 824 (Tex. App.−Dallas 2013, no pet.). A trial court abuses its discretion if it clearly fails to correctly analyze or apply the law. *In re Ford Motor Co.*, 442 S.W.3d 265, 269 (Tex. 2014) (orig. proceeding). In determining whether the trial court abused its discretion, the reviewing court will consider the whole record on appeal. *See In re Estate of Miller*, 243 S.W.3d 831, 839 (Tex. App.−Dallas 2008, no pet.).

**Applicable Law**

In a divorce proceeding, the trial court is charged with dividing the community estate in a just and right manner considering the rights of both parties. Tex. Fam. Code Ann. § 7.001(West 2006); *Neyland v. Raymond*, 324 S.W.3d 646, 651 (Tex. App.−Fort Worth 2010, no pet.). Assets belonging to a third party are not part of the marital estate and therefore not subject to division by the trial court. *Collins v. Collins*, 345 S.W.3d 644, 650-51 (Tex. App.−Dallas 2011, no pet.). Mischaracterization of a third party's property as a part of the community estate is error affecting the trial court's "just and right" division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.−San Antonio 2004, pet. denied).

"Fraud practiced on the court is always ground for vacating the judgment, as where the court is deceived or misled as to material circumstances." *Pinkston v. Pinkston*, 266 S.W.2d 515, 519 (Tex. Civ. App.−Waco 1954, writ ref'd n.r.e.). Specifically, the "willful giving of false testimony by a party," affecting an issue to be tried, is fraud entitling the injured party to have the cause reexamined. *McMurry v. McMurry*, 4 S.W. 357, 359 (Tex. 1887). Thus, courts may grant equitable relief when a judgment has been obtained by fraud, mistake, or accident, and without any want of diligence on the part of the aggrieved party. *Id*. "The rule which denies to a party the right to relitigate a matter once in controversy" should not be applied where "one party has, by his own false evidence, knowingly given, . . . obtained a judgment or decree against his adversary

which gives to him something which truth and justice would deny." *Id*. at 360. Intrinsic fraud, including perjured testimony, should be corrected by motion for new trial. ***Travenol Labs., Inc. v. Bandy Labs., Inc.***, 630 S.W.2d 484, 486 (Tex. App.−Waco 1982, writ ref'd n.r.e.). Thus, a new trial may be granted on the ground that a witness willfully testified falsely to a material fact. ***Traylor v. Pickering***, 324 F.2d 655, 658 (5th Cir. 1963). Where a party is surprised by the other party's testimony, as in a case of perjury, the party may ask for a continuance to prepare rebuttal testimony. *Id*.

## Analysis

In his motion for new trial, Appellant contested the final decree of divorce "because the division and award [of] personal and community property of the parties was premised upon the false testimony of the Petitioner." He claimed that the item of property described by Appellee as a cabin or portable building is actually a permanent structure. He asked that the divorce decree be amended to delete the award of the building to Appellee. He also attacked the award of a Pomeranian/Yorkie mix dog named Sassy to Appellee. Among the evidence attached to the motion is a handwritten document entitled "Title To Sassy" and signed by Appellee. In pertinent part it states:

> I, Penni Hutcherson hereby give ownership of my dog, Sassy to Royse [sic] and Cherell Ann Hutcherson this day of November 23, 2017 – Thanksgiving Day 2017, by my own choosing. . . . I promise this day forward y'all are Sassy's new owner's. [sic] I can't claim ownership anymore.

Appellant also included as an exhibit a copy of an email from Appellee to Appellant's mother, Cherell Hutcherson, in which Appellee indicated that she had given Royce Hutcherson the dog. The exhibits are supported by Appellant's unsworn declaration that the exhibits are true and correct copies.

Appellee filed a response denying that she gave false testimony and explaining that the building is built on piers and is small enough to move. She also explained that the letter of ownership transfer of the dog was based upon a "peace agreement" with Appellant's family but they did not keep their word, thereby voiding her "gift/offering agreement." She provided no evidence in support of her response.

3

In its order denying the motion, the trial court recited the events at the trial and identified two of the contested items as a dog named Sassy and a portable building. The court explained the rationale behind the denial as follows:

> During the trial, Respondent testified that he had documentation regarding the ownership of Sassy which he did not currently have. Because Respondent was incarcerated, the Court stated she would allow Respondent to file the documentation at a later time, but would not grant the divorce until such time. Respondent declined and stated he wanted the divorce to be completed that day and did not wish to submit any additional information.
>
> Respondent now complains that the "portable building" is not portable and that the dog, Sassy, belonged to his parents, Royce and Cherell Hutcherson. The Court finds Respondent fully participated in the final trial and the Court gave him additional time to submit evidence which he declined.

In our review of the record, we were unable to locate the referenced statement by Appellant that "he had documentation regarding the ownership of Sassy which he did not currently have." He testified, at least seven times, that the dog belongs to his parents, Royce and Cherell Hutcherson. He explained that Sassy previously belonged to his brother who committed suicide, but his parents have taken care of her for four years.

After hearing from both sides, the court announced that, as to certain items including the dog, each side would have thirty days "to submit any documentation as to whether or not those items were community property or if they were separate property." Then the following exchange took place:

> The Court: All right, Mr. Hutcherson?
> Mr. Hutcherson: Does that mean that we're not divorced today?
> The Court: That's correct.
> Mr. Hutcherson: Okay.
> The Court: Okay. Or I can find that you didn't fail to – prove that those items are separate property, which is your burden of proof today. And I can just divide them all up myself. Do you want me to do that?
> Mr. Hutcherson: Well, I was going to ask Penni if she would like to leave things just the way that they are and we make a clean break today and she go on about her business –
> The Court: She's saying no.
> Mrs. Hutcherson: That's fine if we – I mean, what's he calling a clean break? I take the dog? My dog?
> Counsel for Mrs. Hutcherson: I think what the judge is saying is do you want her [sic] to let her make that decision today?
> Mrs. Hutcherson: You know what? I – Yes. Yes.

4

The Court: Okay. Ms. Hutcherson just wants me to make the decision about whether or not the dog, the log splitter, the wood-burning stove, the enamel table, the roll-top table, the stereo, and the wardrobe are community property subject to division or whether or not they're gifts and separate property.

Is that what you want me to do?

Mr. Hutcherson: Well, I'm in agreement with that other than the animal. That – that belongs to my parents.

The Court: And you have no proof of that today, do you, other than your word? You say it's yours and she says it's hers.

Mr. Hutcherson: Okay.

The Court: And that's all I've got today.

Mr. Hutcherson: Okay.

The Court: What's the dog worth?

Mr. Hutcherson: Well, it's worth everything to my parents.

The Court: Tell me what the dog is worth.

Mr. Hutcherson: I don't know. It's a mixture. It don't have no papers on it, no pedigree, or anything like that.

The Court: Okay. Maybe $50. What's the log splitter worth?

The court went on to demand each party name a value for each item of property. When Appellant said he was not sure, the court suggested $50. When Appellant suggested a value range for an item, the court assigned a value in the middle of the range. Besides asking Appellee if she really thought someone would give more than $50 for the dog, the court seemed to accept Appellee's testimony on value. Immediately following the valuation testimony, the court said, "As to the dog Sassy, the Court's going to award that to Mrs. Hutcherson." Appellant then told the court that Sassy does not belong to Appellee. The court responded, "And, Mr. Hutcherson – Mr. Hutcherson, we're done. We're done talking. I'm ruling, okay." Appellant responded, explaining that Appellee took another animal off the property and it is already dead. He stated that the dog never belonged to Appellee. The court tried to cut him off but he continued, saying, "I can't believe that you would award her something that belonged to my dead brother; that belongs to my parents. She's never taken care of that dog." The court responded, "Mr. Hutcherson, if you cannot be quiet I'm going to hang up." The court then continued to award the named items of personal property. There was no mention of documentation.

We acknowledge that an argument can be made that, if the evidence in support of the motion for new trial was available to the moving party at the time of the trial, but that party made a decision not to use it, the motion should be overruled. *See Pileggi v. Pileggi*, 471 S.W.2d 586, 588 (Tex. Civ. App.−San Antonio 1971, no writ). We conclude that rationale is inapplicable under the facts of this case.

5

Appellant told the court that he did not agree to disposing of the issue of the dog's ownership that day. The trial court ignored his statement and addressed the issue anyway. When the court announced it was awarding Sassy to Appellee, Appellant immediately reiterated that Sassy does not belong to Appellee. The court threatened to end the hearing because of his verbal response to the award. The court's stated reason for denying the motion for new trial, that Appellant chose not to present further evidence at trial, is contrary to actual events shown by the record. Notably, the record shows that, after offering to give Appellant time to produce evidence, an offer he accepted, the court refused to allow him to do so.

The only evidence introduced at trial that could support awarding Sassy to Appellee is Appellee's testimony that the dog belonged to her. Thus, the trial court could only have reached its decision to award Sassy to Appellee by relying on her testimony.

The agreement presented with the motion for new trial shows that the award is based on false testimony, and the trial court was deceived as to a material issue. *See Pinkston*, 266 S.W.2d at 519; s*ee also Dixie Gas & Fuel Co. v. Jacobs*, 47 S.W.2d 457, 462 (Tex. Civ. App.–Beaumont 1932, writ dism'd w.o.j.) (held that, where affidavits presented with motion for new trial showed judgment was based on perjury, trial court erred in denying motion for new trial). We conclude that the evidence presented by Appellant conclusively establishes a factual basis mandating the granting of a new trial. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372-73 (Tex. 2000). The trial court's ruling was unreasonable under the circumstances, and therefore, an abuse of discretion. *See Ward*, 418 S.W.3d at 824.

Pet dogs are property in the eyes of the law and a special form of personal property. *Lira v. Greater Houston German Shepherd Dog Rescue, Inc.*, 488 S.W.3d 300, 304 (Tex. 2016) (per curiam). A forfeiture of rights of property is not favored by the courts, and laws will be construed to prevent rather than to cause such forfeiture. *Id*. Sassy is not a fungible, inanimate object. *Id*. The evidence presented with the motion for new trial shows that Sassy is neither community property nor the separate property of the parties. The trial court has no authority to award Sassy to either Appellee or Appellant. *See Collins*, 345 S.W.3d at 651. When a trial court includes a valuable asset belonging to a third party in its division, the mischaracterization of the third party's property affects the trial court's "just and right" division. *See Sheshtawy*, 150 S.W.3d at 780.

The trial court abused its discretion by denying Appellant's motion for new trial. We sustain Appellant's second issue. It is unnecessary for us to reach Appellant's first issue. *See* TEX. R. APP. P. 47.1.

<h2 style="text-align:center"><u>DISPOSITION</u></h2>

Appellant did not complain, in his motion for new trial or on appeal, of the portion of the divorce decree ordering that he and Appellee are divorced and the marriage between them is dissolved. Therefore, we ***affirm*** the portion of the decree granting the parties' divorce. *See* ***Collins***, 345 S.W.3d at 651-52.

We ***reverse*** that portion of the trial court's decree dividing the parties' community estate and ***remand*** the cause to the trial court for further proceedings.

**<u>JAMES T. WORTHEN</u>**
Chief Justice

Opinion delivered September 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 27, 2019**

**NO. 12-18-00345-CV**

**IN THE MATTER OF THE MARRIAGE OF
RANDALL LEE HUTCHERSON AND PENNI RHNEA HUTCHERSON**

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. FM18-00198)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was error in the final decree of divorce of the court below. In accordance with this court's opinion of this date, the decree of the trial court is **reversed** and **remanded** in part and **affirmed** in part.

It is therefore ORDERED, ADJUDGED and DECREED that the portion of the divorce decree granting the parties' divorce is **affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the portion of the divorce decree dividing the parties' community estate is **reversed** and the cause is **remanded** to the trial court for further proceedings in accordance with this court's opinion.

It is further ORDERED, ADJUDGED, and DECREED that all costs of this appeal are hereby adjudged against the Appellee, **PENNI RHNEA HUTCHERSON**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*